[Cite as *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 137 Ohio St.3d 266, 2013-Ohio-4627.]

GROVEPORT MADISON LOCAL SCHOOLS BOARD OF EDUCATION, APPELLEE, *v.*

FRANKLIN COUNTY BOARD OF REVISION ET AL.,

APPELLEES; PUBLIC STORAGE/PUBLIC STORAGE BUSINESS TRUST, APPELLANT.

[Cite as *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* 137 Ohio St.3d 266, 2013-Ohio-4627.]

*Taxation—Real property valuation—Subject-matter jurisdiction—Identification of legal owner of property in the complaint—Standing.*

(No. 2012-1476—Submitted June 5, 2013—Decided October 24, 2013.)

APPEAL from the Board of Tax Appeals, No. 2010-A-1290.

_____

FRENCH, J.

{¶ 1} This case concerns the 2008 tax-year valuation of real property in Franklin County, Ohio. The Franklin County Board of Revision ("BOR") reduced the auditor's valuation of the property in response to a valuation complaint, but on appeal, the Board of Tax Appeals ("BTA") remanded with instructions that the BOR dismiss the valuation complaint for lack of jurisdiction because the complaint misidentified the owner of the subject property. A successor owner of the property now argues that the BTA erred in concluding that the BOR lacked jurisdiction. We agree. Therefore, we reverse and remand this matter to the BTA.

*Facts and Procedural History*

{¶ 2} On March 31, 2009, the John W. Messmore Living Trust filed a valuation complaint, seeking a reduction of the Franklin County auditor's valuation of a 3.781-acre self-storage facility in southeast Columbus for tax-year 2008. The valuation complaint consists of a preprinted form prescribed by the Tax Commissioner. *See* R.C. 5715.30. Attorney James Hunter, who is identified

as the complainant's agent and the owner's attorney, signed the complaint on the trust's behalf. The complaint identifies the trust as the "[o]wner of property" and does not identify anyone as "[c]omplainant if not owner." The line of the complaint labeled "Complainant's relationship to property if not owner" is blank.

{¶ 3} In response to the trust's complaint, the Groveport Madison Local Schools Board of Education ("BOE") filed a countercomplaint, requesting retention of the auditor's valuation of $2,167,100.

{¶ 4} At a hearing before the BOR, the trust submitted an appraisal, which valued the property at $1,600,000 as of January 1, 2008. Contrary to the trust's identification of itself as the owner of the subject property, the appraisal and the auditor's property record, which was also submitted to the BOR, identify the owner of the property as Hamilton-33 Partnership. The cover letter to the appraisal is addressed to John Messmore, Hamilton-33 Partnership. Both the appraisal and the property record list the property owner's address as 3540 LaRochelle Drive in Columbus, the same address listed for the trust on the valuation complaint. Despite these inconsistencies regarding the identity of the property owner, the BOE did not contest the trust's standing or the BOR's jurisdiction to hear the valuation complaint. On May 27, 2010, the BOR ordered a reduction of the property value to $1,600,000, as requested by the trust.

{¶ 5} The BOE appealed the BOR's order to the BTA. The BOE's notice of appeal identifies the trust as the complainant and Hamilton-33 Partnership as the owner of the subject property. On May 29, 2012, Hunter notified the BTA that the subject property had been sold at sheriff's sale and that the new property owner was Public Storage of Glendale, California.

{¶ 6} On July 29, 2012, the BOE moved the BTA to remand this matter to the BOR with instructions to dismiss the trust's complaint for lack of jurisdiction. The BOE argued that "the Complaint fails to meet a core procedural requirement and must be dismissed," because it did not identify Hamilton-33

Partnership as the owner of the property. Public Storage opposed the BOE's motion. It conceded that the trust did not hold legal title to the property when the complaint was filed, but argued that the trust had standing to file the valuation complaint under R.C. 5715.19(A), as the owner of other property in Franklin County. Public Storage submitted screen shots from the Franklin County auditor's website, purporting to show the trust's ownership of three other properties in Franklin County as of the date of the valuation complaint. The screen shots identify the owner of those properties as "Messmore John W Tr." Public Storage also argued that the trust was a party affected by the valuation, as required by R.C. 5715.13(A), because it held an ownership interest in Hamilton-33 Partnership. The BOE did not expressly contest the trust's standing, but instead focused on the BOR's subject-matter jurisdiction. It argued that "[t]he sole jurisdictional issue raised in this matter centers around the fact that the face of the Complaint as filed fails to identify the legal title holder of record for the Subject Property at issue."

{¶ 7} The BTA granted the motion to remand for dismissal, holding that the BOR lacked jurisdiction over the trust's complaint because the complaint did not correctly identify the legal owner of the subject property. The BTA refused to address Public Storage's arguments regarding the trust's standing. It stated that those arguments "have no bearing on whether the property owner, as listed on line 1 of the complaint, was proper." BTA No. 2010-A-1290, 2012 WL 3279121, at *2 (July 31, 2012). Public Storage appealed to this court pursuant to R.C. 5717.04.

*Analysis*

{¶ 8} This case presents an issue regarding the jurisdictional sufficiency of the trust's valuation complaint. We review that issue of law de novo. *Akron Centre Plaza, L.L.C. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10, citing *Toledo Pub. Schools Bd. of Edn. v.*

*Lucas Cty. Bd. of Revision*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, ¶ 14, fn. 2, and *State v. Consilio,* 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8.

{¶ 9} A county board of revision's jurisdiction to hear and rule on complaints is defined by statute. *Elkem Metals Co., Ltd. Partnership v. Washington Cty. Bd. of Revision*, 81 Ohio St.3d 683, 686, 693 N.E.2d 276 (1998), citing R.C. 5715.01 and 5715.11. R.C. 5715.01(B) requires each county to have a board of revision, "which shall hear complaints and revise assessments of real property for taxation." R.C. 5715.11 provides that the boards of revision "shall hear complaints relating to the valuation or assessment of real property * * * and may increase or decrease any such valuation or correct any assessment complained of, or * * * order a reassessment by the original assessing officer."

{¶ 10} In hearing and ruling on complaints, a board of revision must first examine the complaint to determine whether it meets the jurisdictional requirements set forth in R.C. 5715.13 and 5715.19. *Elkem* at 686. The board must dismiss any complaint that does not meet those requirements. *Id*.

{¶ 11} R.C. 5715.19(A) "establishes the jurisdictional gateway to obtaining review by the boards of revision." *Toledo Pub. Schools Bd. of Edn.* at ¶ 10. Although a complaint for a decrease in valuation is most frequently filed by the owner of the subject property, R.C. 5715.19(A) provides that "[a]ny person owning taxable real property in the county * * * may file such a complaint regarding any such determination [including valuation] affecting any real property in the county." R.C. 5715.13(A) directs that "the county board of revision shall not decrease any valuation unless a party affected thereby or who is authorized to file a complaint under section 5715.19 of the Revised Code makes and files with the board a written application therefor, verified by oath and signature, showing the facts upon which it is claimed such decrease should be made."

**{¶ 12}** This court has generally treated full compliance with R.C. 5715.19 as an indispensible prerequisite to a board of revision's exercise of jurisdiction. *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 124 Ohio St.3d 27, 2009-Ohio-5932, 918 N.E.2d 972, ¶ 17, citing *Stanjim Co. v. Mahoning Cty. Bd. of Revision*, 38 Ohio St.2d 233, 235, 313 N.E.2d 14 (1974) ("full compliance with R.C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim"), and *Cardinal Fed. S. & L. Assn. v. Cuyahoga Cty. Bd. of Revision*, 44 Ohio St.2d 13, 336 N.E.2d 433 (1975), paragraph one of the syllabus. *But see Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision*, 80 Ohio St.3d 591, 593, 687 N.E.2d 723 (1998) (reversing BTA's dismissal when the appellants substantially complied with R.C. 5715.13 and 5715.19); *Shinkle v. Ashtabula Cty. Bd. of Revision*, 135 Ohio St.3d 227, 2013-Ohio-397, 985 N.E.2d 1243, ¶ 17 (considering whether a requirement in R.C. 5715.19 to state a dollar amount for the reduction in value was mandatory and thus jurisdictional).

**{¶ 13}** In *Stanjim*, we found that a prior version of the complaint form used here was "clearly designed to elicit information required by R.C. 5715.19 and 5715.13" and that it constituted a "lawful interpretation of the minimal, data requirements" of those statutes. *Stanjim* at 236. There, we affirmed a dismissal for lack of jurisdiction when the complainant did not complete a portion of the complaint form entitled "pertinent facts," despite the statutory requirement that a complaint include facts supporting a decrease in valuation. R.C. 5715.13.

**{¶ 14}** The board of revision's jurisdiction, however, does not hinge on complete, technical compliance with the complaint form, and errors in completing the complaint form do not necessarily bar the board of revision from exercising jurisdiction. *Toledo Pub. Schools Bd. of Edn.*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, at ¶ 15. Notably, failure to provide information requested by the complaint form is not a jurisdictional defect when the requested

information does not fulfill a specific statutory or constitutional requirement. *Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457; *Nucorp, Inc. v. Montgomery Cty. Bd. of Revision*, 64 Ohio St.2d 20, 21, 412 N.E.2d 947 (1980).

> While this court has never encouraged or condoned disregard of procedural schemes logically attendant to the pursuit of a substantive legal right, it has also been unwilling to find or enforce *jurisdictional* barriers not clearly statutorily or constitutionally mandated, which tend to deprive a supplicant of a fair review of his complaint on the merits.

(Emphasis added.) *Nucorp* at 22.

{¶ 15} *Knickerbocker* is particularly relevant to this case. There, the BTA rejected the property owner's argument that the board of education had failed to invoke the board of revision's jurisdiction because the complaint listed an incorrect address for the property owner. We acknowledged that "[w]hen a *statute* specifically requires a litigant to perform certain acts in order to invoke the jurisdiction of an administrative tribunal (or the jurisdiction of a court to review an administrative decision), the performance of such acts usually constitutes a prerequisite to the tribunal's jurisdiction." (Emphasis sic.) *Knickerbocker* at ¶ 10. R.C. Chapter 5715, however, contains no requirement that a valuation complaint include the property owner's correct address.

{¶ 16} R.C. Chapter 5715 does place statutory obligations on the board of revision to notify a property owner in certain circumstances. For example, R.C. 5715.12 requires the board of revision to notify the property owner of a hearing before increasing the valuation of the owner's property. In *Knickerbocker*, however, we did not equate those obligations with a statutory requirement that the

complainant furnish the property owner's correct address. Rather, we emphasized that the responsibility for providing notice lies with the board of revision, not with the complainant. We also noted that "the BOR, through its statutory secretary, the auditor, has direct access to the information concerning where to send the notice." *Id.* at ¶ 13. Because there was no statutory requirement that a complaint set forth a correct, current address for the property owner, we concluded that a complainant's failure to use an appropriate address did not deprive the board of revision of jurisdiction.[1]

{¶ 17} The BOE has not identified a statutory requirement that a complainant correctly identify the legal owner of the subject property in its valuation complaint, and we find no such requirement in R.C. Chapter 5715. Consistent with *Knickerbocker*, we reject the contention that the BOR's statutory duty to notify the property owner creates a jurisdictional requirement that the complainant correctly identify the owner on the face of the complaint.

{¶ 18} Here, as in *Knickerbocker*, the BOR has direct access to the identity of the property owner. Under R.C. 5715.09, the county auditor is the secretary of the BOR, and in conjunction with the requirement of R.C. 5301.25 that deeds and conveyances be recorded, the auditor processes conveyance-fee statements submitted by grantees and furnishes indorsements that permit the recording of conveyances. R.C. 317.22; R.C. 319.202. The auditor is also responsible for adopting and using property-record cards pursuant to R.C. 5713.03. Indeed, the property record in this case, which correctly identified

---

1. *Knickerbocker* did not leave the property owner unprotected. Despite finding no jurisdictional impediment, we held that the board of revision lacked authority to increase the value of the subject property without first complying with its statutory obligation to notify the owner and to do so in a manner, and at an address, reasonably calculated to reach him, consistent with due process. Because the board of revision failed to comply with the statutes requiring it to notify the property owner when it sent notice to an incorrect address, we held that the board of revision's order increasing the value of the property was invalid. Accordingly, we reversed and remanded the matter for a new hearing to determine the value of the property after appropriate notice to the property owner.

Hamilton-33 Partnership as the owner of the property, was part of the record before the BOR. The BOR's knowledge of the correct owner is further evident from its certification of the transcript of proceedings to the BTA, which identified Hamilton-33 Partnership as the property owner. Moreover, the BOE itself correctly identified Hamilton-33 Partnership as the owner in its notice of appeal to the BTA. Inasmuch as the BOR could be expected to use the information at its disposal to determine where to send notice, it can likewise be expected to consult the relevant property-record card and any other information at its disposal to determine whether notice is required.

{¶ 19} The BOE argues that identification of the property owner in the complaint is necessary to invoke the BOR's jurisdiction because it " 'runs to the core of procedural efficiency.' " This court first discussed the "core of procedural efficiency" in *Akron Std. Div. of Eagle-Picher Industries, Inc. v. Lindley*, 11 Ohio St.3d 10, 12, 462 N.E.2d 419 (1984), to distinguish between jurisdictional and nonjurisdictional statutory filing requirements. We have subsequently applied a core-of-procedural-efficiency test in the context of tax-valuation proceedings. *See, e.g., 2200 Carnegie, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 135 Ohio St.3d 284, 2012-Ohio-5691, 986 N.E.2d 919, ¶ 24 (notification requirement in R.C. 5715.19(B) is jurisdictional because it runs to the core of procedural efficiency); *Princeton City School Dist. Bd. of Edn. v. Zaino*, 94 Ohio St.3d 66, 74, 760 N.E.2d 375 (2002) (information not required by statute does not run to the core of procedural efficiency); *Austin Co. v. Cuyahoga Cty. Bd. of Revision*, 46 Ohio St.3d 192, 194, 546 N.E.2d 404 (1989) (appellants' failure to comply with the statutory requirement to file a notice of appeal with both the BTA and the board of revision "runs to the core of procedural efficiency and is essential to the proceeding"); *Salem Med. Arts & Dev. Corp. v. Columbiana Cty. Bd. of Revision*, 80 Ohio St.3d 621, 623, 687 N.E.2d 746 (1998) (filing one notice of appeal with the board of revision runs to the core of procedural efficiency).

{¶ 20} This court recently addressed the jurisdictional requirements for contesting a property valuation. *See Shinkle*, 135 Ohio St.3d 227, 2013-Ohio-397, 985 N.E.2d 1243. We cited the general rule that the exercise of a right to appeal conferred by statute " 'is conditioned upon compliance with the accompanying mandatory requirements.' " *Id.* at ¶ 17, quoting *Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123, 84 N.E.2d 746 (1949), paragraph one of the syllabus. We went on to state that *Zier*'s reference to "mandatory requirements" points to the importance of distinguishing a mandatory statutory requirement from a directory statutory requirement. *Id.* To draw that distinction, courts ask whether the statutory requirement runs to the core of procedural efficiency. *Id.* If a statutory requirement runs to the core of procedural efficiency, then compliance is mandatory and is a jurisdictional prerequisite to pursuing the administrative case.

{¶ 21} In *Shinkle*, the complaint did not state the reduction in value sought, as required by R.C. 5715.19(D). Compliance with R.C. 5715.19(D) permits the auditor to determine whether it is required to send notice of the complaint to interested persons pursuant to R.C. 5715.19(B).[2] Notice from the auditor, in turn, affords interested persons the right to file a countercomplaint. We concluded that the statutory requirement of stating the amount of value on which the complaint is based runs to the core of procedural efficiency and is, therefore, a jurisdictional requirement. Unlike the statutes we examined in *Knickerbocker*, which placed obligations upon the board of revision and the auditor, R.C. 5715.19(D) "explicitly requires the complainant to state the amount

---

2. R.C. 5715.19(B) provides, in part, as follows:

> [T]he auditor shall give notice of each complaint in which the stated amount of overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination is at least seventeen thousand five hundred dollars to each property owner whose property is the subject of the complaint, if the complaint was not filed by the owner or the owner's spouse, and to each board of education whose school district may be affected by the complaint.

of value he is putting at issue—and only the complainant can supply that information." *Shinkle* at ¶ 21.

{¶ 22} The cases in which this court has applied a core-of-procedural-efficiency test to conclude that a requirement is jurisdictional have one factor in common: they involve a failure to comply with a requirement imposed by statute. The distinction between statutory and nonstatutory requirements is evident in *Cleveland Elec. Illum. Co.*, 80 Ohio St.3d 591, 687 N.E.2d 723, in which we addressed jurisdictional challenges based on the manner in which the complainants answered questions on the complaint form. The relevant questions involved the increase or decrease in taxable value sought (question seven) and the complainants' justification for the requested increase or decrease (question eight). We held that question eight did not elicit factual information required by R.C. 5715.13, but instead sought an argument in support of a change in taxable value. Accordingly, we did not consider whether question eight ran to the core of procedural efficiency. *Id.* at 595 (summarily stating that "R.C. 5715.13 does not require a response to Question 8"). Question seven, on the other hand, sought statutorily required information because R.C. 5715.19(D) requires complaints to state the amount of overvaluation or undervaluation claimed. Therefore, we went on to consider whether the complainants' "somewhat vague" responses to that question affected procedural efficiency. *Id.*

{¶ 23} Because there is no statutory requirement that a complainant correctly name the property owner in a valuation complaint, we need not determine whether the failure to correctly name the property owner runs to the core of procedural efficiency. The procedural importance of particular information cannot make the provision of that information a jurisdictional barrier absent a statutory or constitutional requirement. *See Nucorp*, 64 Ohio St.2d at 22, 412 N.E.2d 947. Thus, the trust's failure to identify Hamilton-33 Partnership as

the property owner does not constitute a jurisdictional defect that precludes the BOR from reviewing the trust's complaint.

{¶ 24} Although we conclude that it is not a jurisdictional requirement to correctly name the owner of the subject property in a valuation complaint, our de novo review mandates that we also consider whether the trust otherwise invoked the BOR's jurisdiction, when the only basis for standing asserted on the face of the complaint is the trust's erroneous identification of itself as the titled owner of the subject property.

{¶ 25} The BOE argues that the issue of the trust's standing is separate and distinct from the BOR's subject-matter jurisdiction and that standing is not at issue here because the BTA addressed only subject-matter jurisdiction. Subject-matter jurisdiction refers to the statutory or constitutional authority to adjudicate a case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. Lack of standing, on the other hand, challenges a party's capacity to bring an action, not the subject-matter jurisdiction of the tribunal. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998). But, the General Assembly has incorporated the requirement for standing into the jurisdictional requirements for filing a valuation complaint, as set forth in R.C. 5715.13 and 5715.19. "A complaint filed by a person who is not identified by [R.C. 5715.19(A)] as one who may file a complaint does not vest jurisdiction in the board of revision to review the auditor's valuation." *Toledo Pub. Schools Bd. of Edn.*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, at ¶ 10. *See also Victoria Plaza Ltd. Liab. Co. v. Cuyahoga Cty. Bd. of Revision*, 86 Ohio St.3d 181, 183, 712 N.E.2d 751 (1999), quoting *State ex rel. Tubbs Jones* at 77, fn. 4 ("Standing is jurisdictional in administrative appeals 'where parties must meet strict standing requirements in order to satisfy the threshold requirement for the administrative tribunal to obtain jurisdiction' ").

**{¶ 26}** Standing is determined as of the commencement of the action. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 24. The parties do not dispute that the trust was required to have had standing when it filed its complaint in order to invoke the BOR's jurisdiction. To establish standing as a property owner under R.C. 5715.19(A), the complainant must own taxable real property in the county at the time the complaint is filed. *Soc. Natl. Bank v. Wood Cty. Bd. of Revision*, 81 Ohio St.3d 401, 403, 692 N.E.2d 148 (1998). The question here is whether a complainant's failure to accurately assert the basis for its standing on the face of its complaint subjects the complaint to dismissal for lack of jurisdiction. We hold that it does not. If the complainant's standing is challenged, the complainant may prove its standing without being bound by what it asserted on the face of its valuation complaint.

**{¶ 27}** Public Storage argues that the trust had standing to file a valuation complaint even though it did not hold legal title to the subject property. It contends that the trust had standing, pursuant to R.C. 5715.19(A), as the owner of other real property in Franklin County, and it submitted documentation to the BTA in support of that contention.

**{¶ 28}** In *Soc. Natl. Bank*, this court addressed the relationship between standing and the board of revision's jurisdiction. Society National Bank filed a complaint on January 12, 1996, seeking a reduction in the assessed value of property for tax-year 1995. Society owned the subject property from at least January 1, 1995, through December 29, 1995. Thus, Society owned the property on the tax-lien date but not when it filed its complaint. Society's complaint identified the owner of the property as "Society National Bank f.n.a. Toledo Trust Company [Owner as of 1-1-95]." *Id.* at 401. In response to the request on the complaint to identify the complainant, "if other than owner," Society responded, "N/A." *Id.*

12

{¶ 29} When a person files a complaint against the property of another, the burden to establish standing lies with the complainant. *Soc. Natl. Bank,* 81 Ohio St.3d at 403, 692 N.E.2d 148. Although a complainant's assertion of standing in its complaint may constitute a prima facie showing of standing, the BTA challenged Society's standing based on Society's admission in its complaint that it had sold the property in question. The BTA held that Society lost standing to file a valuation complaint once it no longer held title to the property. *Id*. at 402. Looking to R.C. 5715.19(A), we determined that the only classification under which Society might have standing was as " '[a]ny person *owning taxable real property in the county*.' " (Emphasis sic.) *Id.* at 403. Because Society did not own the subject property when it filed its valuation complaint, "it became Society's burden to prove that it owned other taxable real property in the county at the time it filed its complaint." *Id.* at 404. Society's complaint did not indicate that it owned any other real property, but we did not hold that Society's failure to establish standing on the face of its complaint was determinative. Had Society's failure to correctly identify the property owner and to establish its ownership of other property in the county at the time it filed the complaint been fatal, we would have affirmed the dismissal of Society's complaint with no further analysis and looked no further than the face of Society's complaint. Instead, we looked to all the evidence in the record to determine whether Society met its burden of establishing standing. Ultimately, we concluded that "Society did not offer any evidence *at the BOR hearing or before the BTA* to prove that at the time it filed its complaint it owned other taxable real property in the county." (Emphasis added.) *Id*. Because Society never presented evidence that it met the threshold standing requirement of R.C. 5715.19(A), it failed to invoke the board of revision's jurisdiction. *Id.*

{¶ 30} *Soc. Natl. Bank* refutes the notion that a failure to accurately identify the basis of the complainant's standing on the face of a valuation

complaint precludes the board of revision's exercise of jurisdiction. Like the trust in this case, Society alleged standing as the owner of the subject property but was not the owner when it filed its complaint. In light of the challenge to its standing, Society's subsequent failure to offer evidence at the board of revision hearing or before the BTA led us to conclude that Society failed to meet its burden of proving standing. *See also Village Condominiums Owners Assn. v. Montgomery Cty. Bd. of Revision*, 106 Ohio St.3d 223, 2005-Ohio-4631, 833 N.E.2d 1230, ¶ 9 (reviewing the auditor's property records, a declaration of condominium ownership, R.C. Chapter 5311, and statements of counsel while considering whether the complainant owned taxable real property in the county for purposes of standing).

**{¶ 31}** As in *Soc. Natl. Bank*, a challenge to the trust's standing required that evidence be submitted to establish the trust's right to maintain the valuation complaint. To that end, Public Storage submitted documentation to the BTA to demonstrate that the trust owned three properties in Franklin County when it filed its complaint.[3] Unlike in *Soc. Natl. Bank*, the record contains evidence that the trust qualified as an entity entitled to file a valuation complaint pursuant to R.C. 5715.19(A). Whether the submitted evidence is sufficient to establish the trust's standing is a question to be determined, in the first instance, by the BTA. At oral argument before this court, the BOE's counsel questioned the sufficiency of the evidence, but the BTA did not consider the parties' arguments in that regard, and Public Storage was not given the opportunity to clarify or present additional

---

3. Public Storage has also consistently argued that the trust held an ownership interest in Hamilton-33 Partnership. R.C. 5715.19(A) provides that in addition to "[a]ny person owning taxable real property in the county," a partner of a partnership owning taxable real property in the county has standing to maintain a valuation complaint. Public Storage has not expressly argued that the trust's interest in the partnership establishes its standing, instead relying on that interest to establish that the trust was affected by the valuation of the subject property, as required by R.C. 5715.13. Nevertheless, were the evidence to establish that the trust was a partner in the Hamilton-33 Partnership, that evidence would also establish the trust's standing to maintain the valuation complaint.

evidence to eliminate any ambiguity in the evidence because the BTA erroneously concluded that the trust's failure to accurately identify the titleholder of the subject property in its complaint was an insurmountable jurisdictional defect. In any event, the complaint's mischaracterization of the basis of the trust's standing is not a jurisdictional defect, and Public Storage must be afforded the opportunity to establish the trust's standing as of the date that the trust filed its complaint.

*Conclusion*

**{¶ 32}** Because there is no statutory requirement that a valuation complaint accurately identify the legal owner of the subject property, identification of the owner is not a jurisdictional prerequisite. Accordingly, the BTA erred in concluding that the complaint's misidentification of the property owner divested the BOR of jurisdiction. Moreover, once Public Storage submitted evidence that the trust owned other real property in Franklin County when it filed its complaint, the BTA should have determined whether the trust had standing to file its complaint. We therefore reverse the BTA's decision, and we remand this matter to the BTA to determine whether the trust had standing, pursuant to R.C. 5715.19(A), and, if so, to determine the BOE's appeal on the merits.

Decision reversed

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Sleggs, Danzinger & Gill Co., L.P.A., Todd W. Sleggs, and Robert K. Danzinger, for appellant.

Rich & Gillis Law Group, L.L.C., Mark H. Gillis, Karol C. Fox, Jeffrey A. Rich, and Allison J. Crites, for appellee Groveport Madison Local Schools Board of Education.

_____