[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2015-Ohio-150.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-150

COLUMBUS CITY SCHOOLS BOARD OF EDUCATION, APPELLEE, *v.* FRANKLIN COUNTY BOARD OF REVISION ET AL., APPELLEES; MIKE FERRIS PROPERTIES, INC., APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* Slip Opinion No. 2015-Ohio-150.]

*Taxation—R.C. 5717.04—Appeal—Service of notice of appeal on tax commissioner must be initiated within the 30-day appeal period.*

(No. 2013-1544—Submitted August 19, 2014—Decided January 21, 2015.)

APPEAL from the Board of Tax Appeals, No. 2010-Y-3507.

_____

**Per Curiam.**

{¶ 1} This real-property-valuation case comes before us on a motion to dismiss and on the briefing of the merits by the parties. The motion to dismiss presents a threshold jurisdictional issue: whether the property owner, who appealed from the Board of Tax Appeals ("BTA") to this court, fully perfected the appeal in light of its having failed to initiate service of the notice of appeal on the tax commissioner, a necessary party, within the 30-day appeal period.

**{¶ 2}** The jurisdictional facts are clear and undisputed. Ferris Properties, Inc., filed the notice of appeal in this case on September 30, 2013. The certificate of service on the notice of appeal indicates certified-mail service on the property owner and the county appellees, but not on the tax commissioner. The appeal was referred to mediation on October 3, 2013, but returned to the regular docket on November 4, 2013. The order returning the case to the regular docket specified that the appellant's brief was due 40 days from the date of the order. Apparently during mediation the school board made its intention to seek dismissal apparent, and Ferris responded by serving the tax commissioner. On November 12, 2013, the school board filed its motion to dismiss. Ferris filed a response on November 15, 2013. Both the motion and the response agree that Ferris did serve the tax commissioner with the appeal on October 24, 3013, before the case had been returned to the regular docket. Thus, the tax commissioner was served well in advance of the briefing of this case.

**{¶ 3}** The case law is equally clear. We have held that the requirement of service on appellees pursuant to paragraph six of former R.C. 5717.04, 2009 Sub.H.B. No. 1, is a jurisdictional prerequisite to pursuing the appeal, with the tax commissioner being one of the persons statutorily required to be served. *See Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision*, 138 Ohio St.3d 153, 2014-Ohio-104, 4 N.E.3d 1027, ¶ 13-17. We have also held that the service required by that paragraph must be initiated within the 30-day appeal period. *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 111 Ohio St.3d 1219, 2006-Ohio-5601, 857 N.E.2d 145, ¶ 2. Because the appellant in *Berea City School Dist.* had initiated the service after expiration of the appeal period, the appeal was dismissed for lack of jurisdiction.

**{¶ 4}** The facts of the present case call for dismissal under *Berea City School Dist.*, unless we revisit and overrule the holding of that case. It is true that R.C. 5717.04 by its own terms does not require service to be initiated or

completed within any prescribed time frame, and in our recent cases we have declined to recognize a requirement as jurisdictional when the statute does not expressly impose it. *See Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 23. But to overrule *Berea City School Dist.* would require us to find that the test set forth in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, paragraph one of the syllabus, had been satisfied:

> A prior decision of the Supreme Court may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it.

{¶ 5} Since *Berea City School Dist.* was decided, we have applied it, and there is no indication that its holding is unworkable. Accordingly, we adhere to the holding in *Berea City School Dist.* and dismiss this appeal for lack of jurisdiction. Because we lack jurisdiction, we do not reach the merits of the appeal.

Appeal dismissed.

O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and PFEIFER, J., dissent.

_____

**O'CONNOR, C.J., dissenting.**

{¶ 6} In this appeal, we confront two issues that are sharply contested by the property owner, Mike Ferris Properties, Inc., and the Columbus City Schools

Board of Education ("BOE").  One of the issues is jurisdictional, and the other is substantive—the legally proper valuation of the property.

{¶ 7}  On the jurisdictional issue, the majority applies a previous decision of this court that required that the service of the notice of appeal under R.C. 5717.04 be initiated within the appeal period, despite the fact that the statute itself is silent on when service must be performed.  *Berea City School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 111 Ohio St.3d 1219, 2006-Ohio-5601, 857 N.E.2d 145, ¶ 2.  Because Ferris served the tax commissioner after the appeal period closed, the majority dismisses the appeal on the authority of *Berea City School Dist.*  I disagree.

{¶ 8}  I would reverse the decision of the BTA and reinstate the decision of the Franklin County Board of Revision ("BOR") to carry over the 2008 value to 2009.  I therefore dissent.

### RELEVANT BACKGROUND

{¶ 9}  Ferris filed the notice of appeal in this case on September 30, 2013. The certificate of service on the notice of appeal indicates certified-mail service on the property owner and the county appellees, but not on the tax commissioner. The appeal was referred to mediation on October 3, 2013, but returned to the regular docket on November 4, 2013.  The order returning the case to the regular docket specified that the appellant's brief was due 40 days from the date of the order.

{¶ 10} On November 12, 2013, the school board moved to dismiss.  Ferris filed a response on November 15, 2013.  The parties agree that Ferris served the tax commissioner with a notice of appeal on October 24, 2013, before the case had been returned to the regular docket.

{¶ 11} The period for appealing from the August 29, 2013 BTA decision expired on September 30, 2013.  Thus, service of the notice of appeal on the tax

commissioner was, as the school board emphasizes, not initiated during the appeal period.

{¶ 12} But it remains undisputed that the appellant served the notice of appeal on the tax commissioner and that there can have been no prejudice to the commissioner because that official was served before briefing in this matter began. Thus, the issue is whether the timing of the service constituted a jurisdictional defect.

### THE APPEAL SHOULD NOT BE DISMISSED

{¶ 13} The jurisdiction of this court depends upon the statute, and the appellant complied with the statute. In plain terms, the statute requires service upon those persons, including the tax commissioner, to whom the BTA is required to send a copy of its decision. *See Mason City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision*, 138 Ohio St.3d 153, 2014-Ohio-104, 4 N.E.3d 1027, ¶ 14-16. Ferris did in fact serve the tax commissioner and did so well before the briefing of this appeal on the merits.

{¶ 14} But *Berea City School Dist.* imposes the additional requirement that the service occur within a prescribed timeframe: "We now hold that the certified-mail service required by R.C. 5717.04 must be initiated within the thirty-day period prescribed by R.C. 5717.04 for the filing of an appeal." 111 Ohio St.3d 1219, 2006-Ohio-5601, 857 N.E.2d 145, ¶ 2. That holding is not, however, based on the wording of the statute.

{¶ 15} The 30-day deadline for filing the appeal is set forth in the fifth paragraph of former R.C. 5717.04, 2009 Sub.H.B. No. 1: "Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings." That paragraph then completes the discussion of the notice of appeal, its content, and where it must be filed. Service, by contrast, is a new subject initiated by the sixth paragraph of the section, and there is no reference to a time limit in relation to service.

**{¶ 16}** Since *Berea City School Dist.* was decided, the court has clarified that a procedural requirement does not constitute a jurisdictional prerequisite unless the requirement is set forth in the statute itself. *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132 (although complaint form called for setting forth the property owner, failure to properly identify the owner was not a jurisdictional defect because the statute itself did not require the information); *Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 10-14 (although complaint form called for setting forth the property owner's address, failure to set forth a proper address was not a jurisdictional defect because the statute itself did not require the information). Here, not only is there no time limit for service in R.C. 5717.04, but the sole basis for a time limit lies in court rules that contemplate service at the time the notice of appeal is filed. *See* S.Ct.Prac.R. 3.11(A)(1) ("when a party * * * files any document with the Clerk of the Supreme Court, that party * * * shall also serve a copy of the document on all parties to the case"); App.R. 13(B) ("Copies of all documents filed by any party and not required by these rules to be served by the clerk shall, *on or before the day of filing*, be served by a party or person acting for the party on all other parties to the appeal * * *" [emphasis added]). But a violation of those rules would typically not be deemed a jurisdictional defect. *See* App.R. 3(A) ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal"); *State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170, ¶ 12 (applying App.R. 3(A) principles to the Supreme Court rules).

**{¶ 17}** The majority adheres to *Berea City School Dist.* apparently because of its inability to satisfy the standard for overruling precedent articulated

in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256:

> A prior decision of the Supreme Court may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it.

*Id*., paragraph one of the syllabus. But *Galatis* does not apply in a case, like this one, in which a procedural rule is at issue.

{¶ 18} As we have explained, "*Galatis* must be applied in matters of substantive law," *State v. Silverman*, 121 Ohio St.3d 581, 2009-Ohio-1576, 906 N.E.2d 427, ¶ 31, but not when evidentiary or procedural rules that " 'do[] not alter primary conduct' " are at issue (brackets sic), *id*. at ¶ 33, quoting *Hohn v. United States*, 524 U.S. 236, 252, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998). Granted, *Silverman* involved a rule of evidence, but its reasoning extends to a procedural rule like that at issue here because it implicates no principle of "substantive law" or any type of "primary conduct" that substantive law might regulate. Thus, *Galatis* is not applicable here.

### ON THE MERITS, THE BTA'S DECISION SHOULD BE REVERSED

{¶ 19} Although Ferris advances four propositions of law in its brief, the main point of this case remains the carryover, pursuant to R.C. 5715.19(D), of the 2008 valuation to tax year 2009. Ferris reiterates the basic point, which it had previously advanced before the BTA:

In 2008, the first year of the triennium,[1] the BOR confirmed the value of [the property at issue], as substantially constructed, to be $350,000. Values determined for the first year of a triennial period should be carried forward to the next two years. Unless some event triggers a need to change the valuation, the Auditor carries over the value from the first year of a triennium to the next year.

**{¶ 20}** The argument that the value determined for tax year 2008 should have been carried over to 2009 rests on R.C. 5715.19(D), which states that "[l]iability for taxes * * * for such year [i.e., the tax year for which valuation was contested in the original complaint] and each succeeding year until the complaint is finally determined * * * shall be based upon the determination, valuation, or assessment as finally determined*."*

**{¶ 21}** Ferris is correct. Because R.C. 5715.19(D) imposed a carryover under the circumstances of this case, the BOR acted appropriately in finding that the 2008 value carried over to 2009. And, by the same token, the BTA erred by failing to recognize that the carryover value was the presumptively correct value for 2009.

*The BOR correctly recognized that Ferris was entitled to a carryover*
*of the 2008 valuation to tax year 2009*

**{¶ 22}** Ferris filed its complaint against valuation for tax year 2009, which is at issue here, on February 23, 2010. An attachment to the complaint explains the history of the auditor's valuations and the BOR determinations for the property. Ferris also stated that in 2007, the auditor had valued the property at issue—then two parcels—at $235,200. In 2008, the auditor had valued the property (now a single parcel) at $529,000. Ferris filed a complaint, and after a

---

1 In Franklin County, 2008 was an update year, and 2009 was the second year of that interim period lasting until the 2011 reappraisal.

hearing, the BOR determined the value to be $350,000 for 2008, based on construction-cost evidence presented by Ferris. Next, Ferris received a notice from the auditor in December 2009 stating that the auditor's appraisers had reviewed the property for tax year 2009 and determined that a value change was necessary to reflect the parcel's value as of the January 1, 2009 tax lien date. The notice also noted: "Tax year 2008 valuation: $529,000; Tax year 2009 valuation: $970,000."

{¶ 23} The primary point made by Ferris's complaint was that the auditor's 2009 increase relied on "new construction," but "the 'new construction' had already been discussed, considered, and evaluated by the BOR at the hearing for the 2008 tax year resulting in the valuation of $350,000." When Ferris's counsel reiterated the point at the BOR hearing, the auditor's delegate appeared to corroborate that assertion.

{¶ 24} In the past, this court has enforced the carryover provision in R.C. 5715.19(D) *both within and beyond* the three-year periods that separate each reappraisal (which is performed every six years) from the update of value that is performed in the third year after the reappraisal. (The three-year periods from reappraisal to update, and from update to reappraisal, are referred to as either as "trienniums," or as "interim periods.")

{¶ 25} This case presents a straightforward application of the carryover from the first to the second year *within the same triennium. Oberlin Manor, Ltd. v. Lorain Cty. Bd. of Revision*, 69 Ohio St.3d 1, 629 N.E.2d 1361 (1994) ("The final determination of Oberlin Manor's complaint as to the assessment of real property taxes for 1982 applies to the subsequent tax years in the same triennium," there being "no evidence of record that the property was changed in 1983 or 1984, or that it was in any way different from tax year 1982").

{¶ 26} The auditor's delegate and the treasurer's delegate sat as the BOR, and they adopted $350,000—the same amount as the tax year 2008 valuation—as

the value of the property for tax year 2009. Thus, although the BOR did not explicitly predicate its decision on R.C. 5715.19(D), the circumstances raise the inference that the members—particularly the auditor's delegate—applied the carryover provision. It acted correctly in doing so.

*The BTA erred by failing to apply the carryover value for tax year 2009*

{¶ 27} The BOE appealed to the BTA, where the parties waived a hearing and submitted the case on the existing record.[2] The BTA declined to carry over the valuation from 2008 to 2009 or to accord the carryover provision any significance in the case. That decision was a reversible legal error on the part of the BTA under *Oberlin Manor*.[3]

{¶ 28} At the BOR hearing, the auditor's delegate indicated that Ferris was correct in asserting that the auditor had erroneously not taken the 2008 BOR redetermination of value into account because of the timing of the BOR decision in relation to the 2009 assessment. But then the delegate went on to state that "by that time [Ferris had] already filed the '09 [complaint], and that stops any continuation of the $350,000 decision of the '08 case."

{¶ 29} The BTA's decision is predicated on the fact that Ferris filed a fresh complaint for tax year 2009. Because a new complaint was filed, the carryover provision at R.C. 5715.19(D) was ignored, and the burden was placed on Ferris to prove the validity of using the 2008 value, as determined by the BOR, for 2009. But the BTA erred by ignoring the carryover.

---

[2] The BTA first denied Ferris's motion to dismiss the BOE's appeal, holding that the BTA had jurisdiction over the appeal. BTA No. 2010-M-3507, 2011 WL 489418 (Feb. 8, 2011).

[3] In the earlier interlocutory order denying the motion to dismiss, the BTA disagreed with the owner's assertion that the 2009 valuation "was a carryover of the 2008 values," finding instead that "the BOR made an independent finding of value, based upon the evidence before it." *Id.* at *3. Because applying the carryover was the legally proper thing to do, however, it should be presumed that the BOR did it. *See State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 590, 113 N.E.2d 14 (1953) ("in the absence of evidence to the contrary, public officers * * *, within the limits of the jurisdiction conferred by law, will be presumed to have properly performed their duties and not to have acted illegally but regularly and in a lawful manner").

**{¶ 30}** The record is clear that Ferris only filed a new complaint because the auditor's personnel would not correct the 2009 valuation based merely on Ferris's petition to do so. Although we have held that "the filing of a valid new complaint *in the second triennium* stops, for the tax year at issue and succeeding years, the automatic carryover of the value determined under a prior complaint" (emphasis added), *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 74 Ohio St.3d 639, 642-643, 660 N.E.2d 1179 (1996), we have never held that a new complaint filed within the first triennium does so.

**{¶ 31}** Moreover, a serious question can be raised whether the second complaint should be viewed as jurisdictionally valid, given R.C. 5715.19(A)(2)'s general prohibition of a second filing within the same triennium. If it was not valid, the BOR lacked jurisdiction over it, but the auditor still had a duty to determine value based on the carryover. Not surprisingly, the BOE declines to contest jurisdiction based on R.C. 5715.19(B), preferring to argue that the new complaint for 2009 cut off the carryover, which would otherwise have been granted by the auditor as a correction of his 2009 assessment.

**{¶ 32}** Finally, whatever other legal principles apply here,[4] it ought to be decisive that Ferris was forced to file the complaint by the bureaucratic insistence of the auditor's personnel that the filing was necessary to obtain the benefit of the carryover. I would hold under these circumstances that a complaint filed with the express purpose of enforcing the carryover does not cut off the carryover.

---

[4] One principle that does not apply is that of *Olmsted Falls Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 122 Ohio St.3d 134, 2009-Ohio-2461, 909 N.E.2d 597, ¶ 20, to the effect that "each tax year should be determined based on the evidence presented to the assessor that pertains to that year." *Olmsted* did explicitly hold that no "legal constraint of consistency" applies to the determination of value for successive tax years as a general proposition. *Id*. at ¶ 19-21. But there is a crucial difference in *Olmsted*: the successive years at issue in Olmsted were *not in the same triennium*, and *no argument of carryover was advanced in the case*. The same is true of the cases on which *Olmsted* relies. Where, as in this case, the carryover provision does apply, the *Olmsted* rule does not.

*In light of the carryover, the completion of construction for 2009 would*
*not justify the auditor's original 2009 valuation of $970,000*

{¶ 33} Ferris contends that the property was "substantially constructed" as of January 1, 2008. The BOE counters by citing testimony at the BOR indicating that the building was completed during 2008 and the property record card indicating that the construction was 60 percent complete as of the 2008 lien date. But the evidence the BOE points to does not support a valuation of $970,000 for 2009, given the valuation of $350,000 for 2008 when construction had at least been partially completed. Indeed, if the 60 percent completion figure were correct, the adjusted valuation for 2009 would be $583,333, not $970,000. Thus, nothing in the record justified the BTA's adoption of $970,000 as the property value.

## CONCLUSION

{¶ 34} I would deny the motion to dismiss, reverse the decision of the BTA, and reinstate the BOR's carryover valuation. I therefore dissent from the majority's decision to dismiss the appeal.

PFEIFER, J., concurs in the foregoing opinion.

_____

Rich & Gillis Law Group, L.L.C., and Mark H. Gillis, for appellee Columbus City Schools Board of Education.

Connie J. Klema, for appellant.

_____