[Cite as *Kuntz 2016, L.L.C. v. Montgomery Cty. Auditor*, 2018-Ohio-4635.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

KUNTZ 2016, LLC                           :
                                          :
    Plaintiff-Appellant               :   Appellate Case No. 28038
                                          :
v.                                        :   Trial Court Case No. 2017-CV-5545
                                          :
MONTGOMERY COUNTY AUDITOR,                :   (Civil Appeal from
et al.                                    :   Common Pleas Court)
                                          :
    Defendants-Appellees              :

. . . . . . . . . .

O P I N I O N

Rendered on the 16th day of November, 2018.

. . . . . . . . . .

RICHARD L. CARR, JR., Atty. Reg. No. 0003180, 110 N. Main Street, Suite 1100, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

MATHIAS H. HECK, JR. by LAURA G. MARIANI, Atty. Reg. No. 0063284, 301 W. Third Street, P.O. Box 972, Dayton, Ohio 45422
    Attorney for Defendants-Appellees, Montgomery County Auditor and Montgomery County Board of Revision

GARY T. STEDRONSKY, Atty. Reg. No. 0079866, 1714 W. Galbraith Road, Cincinnati, Ohio 45239
    Attorney for Defendant-Appellee, Dayton Public School District Board of Education

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Plaintiff-appellant Kuntz 2016, LLC (hereinafter "Kuntz"), appeals from a judgment of the Montgomery County Court of Common Pleas, which affirmed the decision of the Montgomery County Board of Revision (hereinafter "BOR") dismissing Kuntz's Complaint Against the Valuation of Real Property for lack of jurisdiction. Kuntz filed a timely notice of appeal with this Court on June 21, 2018.

{¶ 2} The property at issue consists of two parcels of real property located at 1511 Kuntz Road in Dayton, Ohio, R72 16701 0050 and R72 16701 0090 (hereinafter "the property"). For the tax year of 2016, the Montgomery County Auditor assessed the value of the two parcels at $8,000 and $2,362,400, or a total of $2,370,400. As of 2016, the property had been for sale for approximately five or six years. At the time Kuntz became interested in purchasing the property, it was listed for sale at the price of $1,349,000. After some negotiations, Kuntz was able to purchase the property from Goodwill Industries, the previous owner, for $725,000. The sale closed on December 28, 2016, and the deed transferring the property to Kuntz was recorded on January 13, 2017.

{¶ 3} On March 24, 2017, Kuntz filed a Complaint Against the Valuation of Real Property (hereinafter "the Complaint") with the BOR seeking to have the value of the property reduced from $2,370,400 to the sale price of $725,000 for the year of 2016. On June 5, 2017, the Dayton City Public School Board of Education (hereinafter "BOE") filed a counter-complaint requesting that the BOR maintain the Auditor's 2016 valuation of the property at $2,370,400.

{¶ 4} A hearing was held before the BOR on September 13, 2017, wherein Kuntz presented the testimony of a real estate appraiser and a real estate broker. Kuntz also

provided a copy of the appraisal report for the property. At the conclusion of the hearing, the BOR dismissed Kuntz's complaint for lack of jurisdiction. Specifically, the BOR found that "the issue is that this property was tax-exempt for tax year 2016; so, therefore, there is no standing for this board to hear this case. So, therefore, Case Number 1031 has been dismissed." On November 15, 2017, the BOR issued a decision certifying the true value of the property at $2,362,400.00 (parcel 1) and $8,000.00 (parcel 2) for the tax year of 2016.

{¶ 5} Thereafter, Kuntz appealed the BOR's decision to the Montgomery County Court of Common Pleas. On May 25, 2018, the trial court issued a judgment affirming the BOR's decision dismissing Kuntz's complaint for lack of jurisdiction.

{¶ 6} It is from this judgment that Kuntz now appeals.

{¶ 7} Kuntz's first assignment of error is as follows:

THE TRIAL COURT ERRED IN ITS REVIEW OF THE BOARD OF REVISION'S DECISION WHEN IT DETERMINED THAT THE BOARD OF REVISION LACKED JURISDICTION TO CONSIDER THE VALUE OF TAX-EXEMPT PROPERTY.

{¶ 8} In its first assignment, Kuntz contends that the trial court erred when it affirmed the decision of the BOR finding that, because the property had been tax-exempt in 2016 when it was purchased, the BOR did not have jurisdiction to hear its complaint regarding the valuation of the property for 2016.

{¶ 9} A decision of a county board of revision can be appealed to the court of common pleas pursuant to R.C. 5717.05. The common pleas court independently weighs and evaluates all proper evidence and makes an independent determination of

the valuation of the property. *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 13, 475 N.E.2d 1264 (1985). The decision of that reviewing court can further be appealed to the relevant court of appeals. Generally, this court reviews the trial court's independent judgment for an abuse of discretion. *Id.* at paragraph one of the syllabus. However, this appeal involves questions of the proper invocation of the jurisdiction of the board of revision, which is a question of law that this court reviews de novo. *Akron Ctr. Plaza, L.L.P. v. Summit Cty. Bd. of Revision*, 128 Ohio St.3d 145, 2010-Ohio-5035, 942 N.E.2d 1054, ¶ 10, citing *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8.

**{¶ 10}** "A board of revision is a creature of statute and is limited to the powers conferred upon it by statute." (Citations omitted.) *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 368, 721 N.E.2d 40 (2000), *outcome modified on other grounds as noted in MB West Chester, L.L.C. v. Butler County Bd. of Revision*, 126 Ohio St.3d 430, 2010-Ohio-3781, 934 N.E.2d 928, ¶ 25. "The authority granted to a board of revision by R.C. 5715.01 is to 'hear complaints and revise assessments of real property for taxation.' " *Cincinnati School Dist.* at 368.

**{¶ 11}** R.C. 5715.11 also discusses boards of revision, and provides that:

The county board of revision *shall hear complaints relating to the valuation or assessment of real property as the same appears upon the tax duplicate of the then current year*. The board shall investigate all such complaints and may increase or decrease any such valuation or correct any assessment complained of, or it may order a reassessment by the original assessing officer.

(Emphasis added.)

{¶ 12} In hearing and ruling on complaints, a board of revision must first examine the complaint to determine whether it meets the jurisdictional requirements set forth in R.C. 5715.13 and 5715.19. *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 10. The board must dismiss any complaint that does not meet those requirements. *Id.*

{¶ 13} When seeking to invoke the jurisdiction of a board of revision, a complainant must comply with the requirements of R.C. 5715.19. R.C. 5715.19(A)(1) identifies the specific items upon which a complaint may be made and the time in which the complaint must be filed:

> Subject to division (A)(2) of this section, a complaint against any of the following determinations for the current tax year shall be filed with the county auditor on or before the thirty-first day of March of the ensuing year:
>
> * * *
>
> (d) The determination of the total valuation or assessment *of any parcel that appears on the tax list*, except parcels assessed by the tax commissioner pursuant to section 5727.062 of the Revised Code.

(Emphasis added.)

{¶ 14} We note that the foregoing statutes confer jurisdiction upon a board of revision to hear a complaint against valuation of real property that is on the tax list and duplicate for the then current tax year. Specifically, R.C. 319.28 is the statute that governs creation of the tax list and duplicate. R.C. 319.28(A) requires the county auditor to compile a general tax list on or before the first Monday in August. On or before the

first Monday of September, the auditor is required to correct the tax list in accordance with the additions and deductions ordered by the tax commissioner and by the county board of revision. *Id.* On the first day of October, the auditor must certify the tax list and deliver one copy of the tax list to the county treasurer. *Id.* The copy provided to the county treasurer is known as the tax duplicate.

{¶ 15} R.C. 5713.01(B) requires the auditor to appraise the real property at its true value and to enter the taxable value on the tax list and the duplicate provided to the treasurer. While the auditor is also required to provide a valuation for tax-exempted real property, R.C. 5713.07 and 5713.08 require the auditor to enter the taxable value on a list of all tax-exempt property that is *separate from the tax list*. The auditor is further required to correct the tax-exempt list annually, adding to the list property that has been found newly exempt and striking property that has been found no longer exempt "and which have been reentered on the taxable list." R.C. 5713.08(A).

{¶ 16} In several cases, the Ohio Board of Tax Appeals (BTA) has addressed the issue of whether a board of revision has jurisdiction to hear a complaint against the valuation of real property that is tax-exempt for the then current year that the complaint is filed. In every instance, the BTA has found that the board of revision *does not* have jurisdiction to hear a complaint against the valuation of real property that is tax-exempt and therefore *not* on the tax list or duplicate list for the then current year that the complaint is filed. While these cases are not binding upon this Court, we do find them to be instructive with respect to the instant case.

{¶ 17} In *Dublin City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, BTA Nos. 97-M-960 and 97-M-961 (Jan. 14, 2000), the BTA determined the limits of the board

of revision's jurisdiction:

>We find the limits of the BOR's jurisdiction in the statutes pertaining to the auditor's valuation and assessment of real estate. R.C. 5713.01 provides that the county auditor is the assessor of real estate in the county and shall appraise each lot or parcel and improvements at least once in each six year period; *the taxable values derived are placed upon the auditor's tax list and the treasurer's duplicate. R.C. 5713.07 directs the auditor to also create a separate list of all exempt real property, entering values derived for such property. The exempt list is corrected annually by adding property exempted during the year and striking property which, in the auditor's opinion, has lost the right of exemption. Such property is reentered on the taxable list, as required by R.C. 5713.08.*
>
>* * *
>
>*  * * * Boards of revision are authorized to hear complaints relating to the valuation or assessment of real property appearing on the tax duplicate of the then current year. Boards of revision must look to the then current tax duplicate. If property does not appear on such duplicate, then a Board of Revision has no jurisdiction to consider its valu*e.

(Emphasis added.) *Id.* at 7-8.   In *Dublin*, the BTA essentially found that BORs are only authorized to hear complaints relating to the valuation and/or assessment of real property appearing on the tax duplicate (i.e. tax list) of the then current year.   If the property does not appear on the tax list, "then a Board of Revision has no jurisdiction to consider its value." *Id.*

**{¶ 18}** Thereafter, in *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, BTA No. 97-T-870 (Mar. 23, 2001), the BTA considered a case wherein a board of revision dismissed a board of education's complaint for an increase in valuation because the subject property was not on the tax list at the time it issued its decision. However, the subject property was on the tax list as of the tax lien date for which the complaint was filed. The BTA reversed the decision of the board of revision, holding that the board of education's complaint was jurisdictionally proper. Specifically, the BTA found jurisdiction is vested in a board of revision where a parcel is on the tax list for the then current year, as provided for in R.C. 319.28, and all other filing requirements are met by the complainant. *Id.* at *4. The BTA further stated as follows:

> * * * *We stress that our decision does not open the door to the Board of Revision's consideration of complaints on property that is* [sic] *not listed on the current year's duplicate, as we define that term in Dublin, supra.* Nevertheless, where property is on the current tax list, the Board of Revision does have the authority to proceed to consider a proper complaint. R.C. 5715.11.

(Emphasis added.) *Id.* at 7. *See McComb Local School Dist. Bd. of Edn., v. Hancock Cty. Bd. of Rev.*, BTA No. 2015-483 (Aug. 5, 2015) (holding that complaint against the valuation of parcels of real property for tax year 2014 did not properly invoke the BOR's jurisdiction, as the subject parcels did not appear on the auditor's tax list and duplicate for that year; instead, the parcels were listed on the exempt tax list. The BTA also reiterated that a BOR lacks jurisdiction to consider the value of property not on the tax list for the year complained of). S*ee also Kovalesky v. Franklin Cty. Bd. of Rev.*, BTA No. 2015-

1754, *2 (Jan. 26, 2016) (dismissing a property owner's complaint against valuation because property "was not on the tax list for 2014, and, therefore, the BOR lacked authority to consider appellant's complaint against the value of the subject property.")

{¶ 19} Upon review, we find the BTA's holdings in *Dublin, Columbus, Kovalesky,* and *McComb* to be persuasive. Properties that appear on the tax-exempt list for a particular year do not appear on the auditor's tax list and duplicate for that year. Pursuant to R.C. 319.28 and Chapter 5713 of the Ohio Revised Code, the BOR only has jurisdiction to hear complaints regarding real property that appears on the tax list and duplicate. "Boards of revision must look to the then current tax duplicate. If property does not appear on such duplicate, then a Board of Revision has no jurisdiction to consider its value." *Dublin* at *4.

{¶ 20} Citing R.C. 5713.07 and R.C. 727.30, Kuntz argues that a board of revision should have jurisdiction over real property not included in the tax list because the auditor values the property and the property may be subject to special assessments collected by the county auditor. However, R.C. 727.30 states as follows:

> When any special assessment is levied under section 727.25 of the Revised Code, and securities of the municipal corporation are issued in anticipation of the collection thereof, the clerk of the legislative authority, on or before the second Monday in September of each year, shall certify the special assessment to the county auditor, stating the amounts and the time of payment. *The auditor shall place the special assessments upon the tax list.*
> * * *
> Except as provided in section 727.301 of the Revised Code, *the county*

> *treasurer shall collect the special assessments in the same manner and at*
>
> *the time as other taxes are collected \*\*\**.

(Emphasis added.) Thus, it appears that a county auditor only has authority to place special assessments on the tax list. R.C. 727.30 does not reference property that has been designated as tax-exempt, and as previously stated, tax-exempt properties *do not* appear on the tax list and/or duplicate. Moreover, Kuntz's argument in this regard completely ignores the BTA's decisions mentioned above, as well as the statutory scheme set forth in R.C. 319.28 and Chapter 5713 of the Ohio Revised Code.

{¶ 21} In the instant case, it is undisputed that the subject property was included on the tax-exempt list in 2016, and therefore *not* on the tax list and/or duplicate for that year. Therefore, we conclude that the trial court did not err when it affirmed the BOR's determination that it did not have jurisdiction to hear Kuntz's complaint regarding the valuation of the subject property for 2016.

{¶ 22} Kuntz's first assignment of error is overruled.

{¶ 23} Kuntz's second and final assignment of error is as follows:

THE LOWER COURT ERRORED [sic] IN AFFIRMING THE VALUATION

OF THE PROPERTY FOUND BY THE BOARD OF REVISION.

{¶ 24} In light of our disposition with respect to Kuntz's first assignment of error, we find his second assignment to be moot. Furthermore, the trial court stated in its judgment that it affirmed the decision of the BOR "to the extent it dismisses the Complaint for lack of subject matter jurisdiction." The trial court did not affirm any valuation determination because the BOR did not make a valuation determination pursuant to Kuntz's complaint, since it did not have jurisdiction to do so.

**{¶ 25}** Kuntz's assignments of error having been overruled and rendered moot, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and TUCKER, J., concur.

Copies sent to:

Richard L. Carr
Mathias H. Heck, Jr.
Laura G. Mariani
Gary T. Stedronsky
Hon. Steven L. Dankof