[Cite as *Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, 124 Ohio St.3d 490, 2010-Ohio-253.]

TOLEDO PUBLIC SCHOOLS BOARD OF EDUCATION, APPELLEE, *v* . LUCAS
COUNTY BOARD OF REVISION ET AL., APPELLEES; MICHAELMAS MANOR, AN
OHIO LIMITED PARTNERSHIP ET AL., APPELLANTS.

[Cite as *Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, 124
Ohio St.3d 490, 2010-Ohio-253.]

*Boards of Revision — Jurisdiction over valuations complaints — R.C. 5715.19(A)*
*— Complaint is jurisdictionally sufficient when it implies complainant's*
*status as an agent of the owner and is filed by the agent's lawyer —*
*Decision reversed.*

(No. 2009-0849 — Submitted January 26, 2010 — Decided February 3, 2010.)

APPEAL from the Board of Tax Appeals, No. 2008-B-2080.

_____

**Per Curiam.**

**{¶ 1}** Michaelmas Manor, an Ohio Limited Partnership ("Michaelmas"), and Vistula Management Company ("Vistula") appeal from a decision of the Board of Tax Appeals ("BTA") that found that Vistula's valuation complaint was jurisdictionally defective.[1]  Vistula manages Michaelmas Manor's subsidized housing for the elderly.  The BTA determined that Vistula "did not identify itself as a representative of the owner, but identified itself as an independent complainant."  Because, apart from its relationship to the property owner, Vistula could not demonstrate any statutory authority to file the complaint, the BTA ordered that the case be remanded to the Lucas County Board of Revision ("BOR") with instructions that the valuation complaint be dismissed.

**{¶ 2}** On appeal, Vistula asserts as its primary argument that it did act in the capacity of representing the owner when it filed the complaint, inasmuch as

_____

1. In this opinion, "Vistula" refers, as indicated by the context, to the management company only or to the management company and Michaelmas collectively.

Vistula identified itself as a "management company" on the face of the complaint. Additionally, Vistula relies on the management agreement it submitted to the BTA to establish its status as designated agent of the owner for purposes of filing property-tax valuation appeals. Because we agree that Vistula manifestly acted as a representative and agent of the owner, and because the complaint was duly prepared and filed by an attorney, we reverse the decision of the BTA and remand for further proceedings.

**Facts**

{¶ 3}   On March 25, 2008, Vistula filed a complaint against the valuation of the property at issue, which is a subsidized apartment complex encompassing ten acres.  The complaint identified Michaelmas as the owner and listed "Vistula Management Company" on line two as "Complainant if not owner."  The line indicating "Complainant's agent" identified Douglas A. Wilkins as the agent for Vistula.   Finally, on line five, Vistula wrote "Management company" as "Complainant's relationship to the property."

{¶ 4}   In response to the filing of the complaint, the Toledo Public Schools Board of Education ("school board") filed a countercomplaint that sought to retain the auditor's valuation.

{¶ 5}   The auditor had valued the site at $3,415,300, and apparently because of the appraisal submitted by Vistula, the BOR lowered the valuation to $2,740,000.  The school board appealed to the BTA, where it moved for a remand with instructions to dismiss.  The school board argued that because Vistula had listed itself as "complainant if not owner" rather than as an agent of the owner, and because Vistula had no standing apart from its status as agent, the complaint should be dismissed.  See *Toledo Public Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision* (June 22, 2007), BTA No. 2006-M-1707, 2007 WL 1946467.

{¶ 6}   Vistula opposed the motion and submitted a copy of the management agreement between Michaelmas and Vistula as an attachment to its

memorandum. Notably, that agreement confers "complete authority and responsibility" on Vistula to pay taxes for the property and to file "real estate valuation tax appeals when appropriate."

**{¶ 7}** On April 14, 2009, the BTA issued its decision. The BTA concluded that Vistula's arguments in support of jurisdiction lacked merit because the present case was not one "where a representative of the property owner" had "prepared and filed a complaint in a representative capacity." Unlike the situation presented in other cases, Vistula "did not identify itself as a representative of the owner, but identified itself as an independent complainant, different from the owner."

**{¶ 8}** The BTA held that because Vistula had identified itself as a non-owner complainant, it had the burden to show "independent statutory authority to file a complaint." Since Vistula did not itself own any property in the county, the BTA ruled that the BOR had erred by exercising jurisdiction to determine the complaint.

**{¶ 9}** The BTA ordered the case remanded with instructions that the BOR dismiss the underlying complaint. Vistula has appealed that decision to this court, and we now reverse.

## Analysis

**{¶ 10}** It is now well settled that the language of R.C. 5715.19(A) establishes the jurisdictional gateway to obtaining review by the boards of revision: it authorizes complaints from particular actions of the county auditor, and it then specifies what persons or entities "may file such a complaint." The list of who may complain includes "[a]ny person owning taxable real property in the county or in a taxing district with territory in the county," and the statute specifies persons who may file on behalf of an owner. Additionally, the statute authorizes certain local officials or boards to file (most prominently a board of education with territory in the county). A complaint filed by a person who is not identified

by the statute as one who may file a complaint does not vest jurisdiction in the board of revision to review the auditor's valuation. The classification is important because R.C. 5715.13 directs that a board of revision not "decrease any valuation" unless a party who is authorized by R.C. 5715.19(A) to do so files the complaint. See *Middleton v. Cuyahoga Cty. Bd. of Revision* (1996), 74 Ohio St.3d 226, 227-228, 658 N.E.2d 267; *Buckeye Foods v. Cuyahoga Cty. Bd. of Revision* (1997), 78 Ohio St.3d 459, 461, 678 N.E.2d 917; *Soc. Natl. Bank v. Wood Cty. Bd. of Revision* (1998), 81 Ohio St.3d 401, 403, 692 N.E.2d 148; *Victoria Plaza Ltd. Liab. Co. v. Cuyahoga Cty. Bd. of Revision* (1999), 86 Ohio St.3d 181, 183, 712 N.E.2d 751; *Village Condominiums Owners Assn. v. Montgomery Cty. Bd. of Revision*, 106 Ohio St.3d 223, 2005-Ohio-4631, 833 N.E.2d 1230, ¶ 6, 7.

{¶ 11} Vistula claims that it may assert Michaelmas's right as owner to file the complaint because as property manager under an extensive and detailed management agreement, it acts on behalf of and for the benefit of Michaelmas in filing the complaint. Although Vistula identified itself as the "Complainant if not owner" on the complaint, Vistula also set forth its relationship to the property as "management company." Vistula argues that this disclosure plainly indicated that it was acting on behalf of the owner.

{¶ 12} At the outset, we agree with the BTA and the school board that Vistula had no standing to file independently of its relationship to the property owner. Accordingly, if the complaint failed to assert Vistula's representative capacity, the case law would require that the complaint be dismissed.

{¶ 13} We consider Vistula's argument in two steps. First, we review the BTA's determination that Vistula did not file the complaint in a representative capacity. If that determination is correct, then the BTA's decision should be affirmed. If the BTA's determination is not correct, we must then consider whether a property manager, acting through its lawyer, can legally serve as the owner's representative for purposes of filing a valuation complaint.

4

*By identifying itself on the complaint as property manager, Vistula*
*indicated that it was filing the valuation complaint on behalf of the owner*

**{¶ 14}** The BTA predicated its decision on the fact that Vistula had identified itself as the "Complainant if not owner" on line two of the valuation complaint form. The BTA construed this formality as Vistula's statement that it did not act as a representative of the owner, but rather "as an independent complainant different from the owner." To be sure, Vistula's entry on line two appears to be a mistake if Vistula intended to act as the owner's representative, because writing a name other than the owner's on line two clearly implies that the owner itself should not be viewed as the complainant.[2] The BTA ruled that this mistake was jurisdictionally fatal, and Vistula disagrees.

**{¶ 15}** We have held that errors in filling out the complaint form do not necessarily bar the exercise of jurisdiction by a board of revision. See *Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bd. of Revision*, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶ 10. In *Knickerbocker*, we rejected the contention that a school board's complaint was jurisdictionally defective because it set forth the wrong address for the owner. Id. at ¶ 11. Similarly, we hold that the entry of Vistula's name as "Complainant if not owner" does not defeat jurisdiction if the complaint indicates on its face that Vistula is acting on behalf of the owner.

**{¶ 16}** Because the error in filling out the valuation complaint is not jurisdictionally dispositive, we consider whether Vistula indicated its representative capacity by identifying its relationship to the property as being the "management company." We hold that Vistula did indicate its representative capacity on the complaint form. While the placement of its own name on the line

---

2. The issue before us is the jurisdictional sufficiency of the complaint. That is a question of law that we determine de novo. *Toledo v. Levin*, 117 Ohio St.3d 373, 2008-Ohio-1119, 884 N.E.2d 31, ¶ 26, fn. 3.

for "Complainant if not owner" implies that Vistula is filing as an independent claimant, its declared status as "management company" points in the opposite direction – i.e., that it is acting as an agent of the owner. That inference arises because a property manager or management company furnishes management services to the owner for a fee, and it performs those services on behalf of, and for the benefit of, the owner. See Appraisal Institute, The Appraisal of Real Estate (13th Ed.2008) at 486 (discussing management-service fees as a variable expense in computing the value of income-producing properties).

{¶ 17} Therefore, a valuation complaint that is filed by a property manager who identifies the owner and then identifies its own capacity as property manager clearly signals that the owner is acting through the property manager as its agent. We hold that by sending the clear message that it was acting on behalf of the owner, Vistula's complaint was jurisdictionally sufficient.

{¶ 18} Our inference that a management company is acting as an agent for the owner does not contravene our decision in *Village Condominiums*, 106 Ohio St.3d 223, 2005-Ohio-4631, 833 N.E.2d 1230. The inference of agency raised here, when a management company acts on behalf of an owner, was not present in *Village Condominiums*. In that case, the developer, Sonnenburg Construction Company, was listed as the "owner" on the valuation complaint, and the condominium owners' association identified itself as "Complainant if not owner." *Village Condominiums Owners' Assn. v. Montgomery Cty. Bd. of Revision* (Aug. 1, 2003), BTA No. 2002-N-1607, 2003 WL 21792279, at * 1. To be sure, it might be reasonable to presume that a "condominium owners' association" could act as the agent of the owners of individual condominium units, but that logic does not raise the inference that the association is acting on behalf *of the developer*. See R.C. 5311.01(CC) and (S) (defining "[u]nit owner" as "a person who owns a condominium ownership interest in a unit," as opposed to a "[d]eveloper," who "sells or offers for sale condominium ownership interests in a

condominium development"); R.C. 5311.08(C)(1) (specifying that association membership extends to and is limited to all owners of condominium units and providing that a developer acts in place of the association until the association is formed). In *Village Condominiums*, the association was required to shoulder the burden to establish standing separate and apart from the standing of the owner to contest the valuation of the property, and it failed to do so. That is not the situation in this case, and accordingly, *Village Condominiums* is not apposite.

{¶ 19} We note that although our reading of the complaint conflicts with the BTA's decision in another case styled *Toledo Public Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, BTA No. 2006-M-1707, 2007 WL 1946467, our reading in this case does accord with the approach that the BTA has taken in certain other cases. In *Sylvania City Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision* (Apr. 22, 2008), BTA No. 2007-M-1771, 2008 WL 1914712, the board addressed a complaint that identified a certain individual as the owner and set forth the name of the attorney as "complainant." Id. at *1. The complaint stated the relationship of complainant to the property owner as "attorney." Id. at *2. Characterizing the insertion of the attorney's name as "complainant if not owner" as a "ministerial error," the board concluded that "the relationship between the property owner and his attorney is clear." Id. Accordingly, the BTA denied the motion, thereby declining to order that the complaint be dismissed. Id. When the same situation presented itself in *Washington Local Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision* (Aug. 19, 2008), BTA Nos. 2007-N-1722, 2007-N-1723, and 2007-N-1727, 2008 WL 3905916, the board relied on its earlier analysis in *Sylvania* and declined to order dismissal. Id. at *3.

{¶ 20} We endorse the reasoning of the BTA in *Sylvania City* and *Washington Local* and adopt it here. Because Vistula identified its relationship to the property as "management company," it raised the inference that it was acting

on behalf of the owner, which it had identified on line one. Accordingly, the BTA should have denied the school board's motion rather than granting it.

*Vistula's contractual status permitted it to file the valuation complaint*

*on behalf of the owner*

{¶ 21} We turn now to the question whether Vistula, acting through its attorney, could validly file the valuation complaint as the agent of the property owner.

{¶ 22} Significantly, one issue that has arisen in many cases is not present here: the issue of the unauthorized practice of law. The complaint in this case on its face indicates that it was prepared and filed by an attorney who acted on behalf of Vistula. Therefore, the issue of the unauthorized practice of law does not arise, and we do not review this case through the prism of *Sharon Village Ltd. v. Licking Cty. Bd. of Revision* (1997), 78 Ohio St.3d 479, 678 N.E.2d 932, and its progeny.[3]

{¶ 23} Under these circumstances, the authority for who may act as the owner's agent is our decision in *Jemo Assoc., Inc. v. Lindley* (1980), 64 Ohio St.2d 365, 18 O.O.3d 518, 415 N.E.2d 292. In *Jemo*, an accountant submitted a notice of appeal to the BTA from a final determination of the Tax Commissioner. Id. R.C. 5717.02, the relevant statute, provided that such appeals "may be taken to the board of tax appeals by the taxpayer." The statute articulated no further restriction, but an administrative rule promulgated by the BTA had specified that a notice of appeal filed on behalf of a corporation "shall be executed by an officer thereof or an attorney at law." *Jemo* at 366. In the case, an accountant had signed the notice on behalf of a corporate appellant. Id. The BTA determined that the rule limited who could act on behalf of the taxpayer and dismissed. Id. We

---

3. Vistula places heavy reliance on the analysis in *Dayton Supply & Tool Co., Inc. v. Montgomery Cty. Bd. of Revision*, 111 Ohio St.3d 367, 2006-Ohio-5852, 856 N.E.2d 926. But that case addressed the unauthorized practice of law and is therefore not apposite.

reversed, noting that "under agency law, the authority of any purported agent to act on behalf of a principal is ordinarily a question of fact." Id. at 367. Accordingly, we held that there was "no merit to an interpretation of R.C. 5717.02 which, for jurisdictional purposes, conclusively presumes that a corporate officer or an attorney is always competent to sign a corporation's notice of appeal but that any other corporate agent is never competent." Id. at 368. [4]

{¶ 24} Under *Jemo*, the question of agency is determined by reference to whether the person filing the appeal was in fact authorized by its principal to file it. In the present case, Vistula's complaint implies its status as agent, and Vistula subsequently proved its authorization when it produced the management agreement. Therefore, its valuation complaint should not be dismissed.

*R.C. 5715.19(A) does not prohibit Vistula's filing a valuation complaint*

*as an agent for the owner*

{¶ 25} The school board argues that R.C. 5715.19(A), as amended effective 1999, precludes Vistula from acting on behalf of the owner because the 1999 amendment sets forth a list of persons who may file complaints on behalf of an owner. 1998 Sub.H.B. No. 694, 147 Ohio Laws, Part III, 5373-5374, effective March 30, 1999. The school board urges that this list is intended to be exhaustive and thereby forecloses Vistula's appeal because management companies are not

---

4. *Jemo* did not consider the question whether the accountant's signing of the notice of appeal on behalf of the corporate client constituted the unauthorized practice of law. Footnote 4 in *Jemo* did address an argument, advanced in reliance on R.C. 4705.01, that nonlawyers typically may not initiate legal proceedings on behalf of others. *Jemo*, 64 Ohio St.2d at 368, 18 O.O.3d 518, 415 N.E.2d 292. The footnote illustrates the court's narrow focus on the question of an accountant's actual authority as an agent: the court stated that R.C. 4705.01 was irrelevant because it had "no bearing upon whether any particular attorney has the authority to represent any particular corporate taxpayer." Id. When the court subsequently began to address the issue of the unauthorized practice of law in the context of valuation complaints, the court noted that the *Jemo* decision regarded the question whether "the agent who had signed the notice had engaged in the unauthorized practice of law" as being "irrelevant to the issue before the court." *Sharon Village Ltd.*, 78 Ohio St.3d at 483, 678 N.E.2d 932.

on the statutory list. Put in different terms, the school board argues that the principle established by *Jemo* has been limited by H.B. 694 with respect to the filing of a valuation complaint.[5]

{¶ 26} We disagree with the school board's reading of the statutory amendment. What the school board overlooks is that the General Assembly had a very precise purpose in enacting H.B. 694. That amendment was enacted in response to our decision in *Sharon Village Ltd.*, 78 Ohio St.3d 479, 678 N.E.2d 932, and the bill reflected a legislative intent to "undo the impact of that decision and thereby widen the pool of persons who may file a property-valuation complaint on behalf of a property owner." *Dayton Supply & Tool Co., Inc.*, 111 Ohio St.3d 367, 2006-Ohio-5852, 856 N.E.2d 926, ¶ 42 (Resnick, J., dissenting).

{¶ 27} This intent stands revealed on the face of the session law: H.B. 694 not only enacted the list of persons who may file complaints on behalf of an owner, it also added division (3) to R.C. 5715.19(A). 147 Ohio Laws, Part III, at 5374-5375. That division specifically addresses complaints that have been dismissed by reason of the unauthorized practice of law: when such a dismissal has occurred, division (3) overrides the usual prohibition against contesting the valuation of a parcel more than once during a three-year interim period. The inclusion of this provision in H.B. 694 ties the other enacted provisions of that bill to the fundamental legislative intent: to resolve certain issues relating to the unauthorized practice of law.

{¶ 28} It follows that the list of persons delineated by H.B. 694 does not override the agency principle of *Jemo*. When, as in the present case, an attorney has prepared and filed the valuation complaint, the list of persons added to R.C.

---

5. As a result of the 1999 amendment, the statute now permits the following persons to file on behalf of the owner: an owner's spouse; an assessment professional retained by the owner; a CPA, licensed appraiser, or licensed real estate broker retained by the owner; corporate officers and certain other persons when the owner is a corporate entity; and the trustee of a trust that owns real property.

5715.19(A) by H.B. 694 is not relevant to determining whether a particular entity may act as the owner's agent. That is so because in such cases, the issue of the unauthorized practice of law does not arise in the first place.

{¶ 29} The foregoing conclusion receives support not only from the context and the language of the provisions that the General Assembly *enacted*, but also from what the General Assembly *omitted*. Conspicuously absent from the list of persons added by H.B. 694 is any reference to the owner's own attorney. Yet the legislature certainly did not intend to preclude a filing by the owner's attorney. What the legislature did intend was to furnish a list of persons who may file on behalf of an owner *when no attorney has performed the act of preparing and filing the complaint*.

{¶ 30} We hold that H.B. 694's list of persons is not intended as a restriction of those who may file a valuation complaint on behalf of an owner. Instead, it is intended only to widen the pool by specifying that certain nonlawyers may file on behalf of an owner in spite of considerations relating to the unauthorized practice of law. Whenever a nonlawyer files on behalf of an owner, the question of the unauthorized practice of law arises and will have to be resolved in light of the statute and court precedent.[6] But when, as in the present case, a lawyer has prepared and filed the complaint, the list of persons who may file on behalf of the owner in R.C. 5715.19(A) is not relevant. It follows that R.C. 5715.19(A) did not preclude Vistula as the management company from filing a valuation complaint on behalf of Michaelmas Manor, the owner.

### Conclusion

{¶ 31} We hold that because Vistula's complaint clearly implies Vistula's status as agent of the owner, and because the complaint was prepared and filed by

a lawyer for Vistula, the complaint is jurisdictionally sufficient. Moreover, because the statutes do not prohibit a property manager from filing a complaint on behalf of an owner, the BTA erred by concluding that the complaint should be dismissed. We therefore reverse the decision of the BTA and remand for further proceedings.

Decision reversed

and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Spengler Nathanson, P.L.L., Michael W. Bragg, and Teresa L. Grigsby, for appellee Toledo Public Schools Board of Education.

Douglas A. Wilkins, for appellants.

---

6. We addressed that issue as to corporate officers in *Dayton Supply*, 111 Ohio St.3d 367, 2006-Ohio-5852, 856 N.E.2d 926, syllabus, but the issue remains a live one with respect to other persons set forth on the list.