OHIO STATE BAR ASSOCIATION *v.* RYAN, L.L.C., ET AL.

[Cite as *Ohio State Bar Assn. v. Ryan, L.L.C.*, 138 Ohio St.3d 67,

2013-Ohio-5500.]

*Unauthorized practice of law—Filing notice of appeal before administrative agency—Consent decree—Injunction issued.*

(No. 2013-1292—Submitted September 11, 2013—Decided December 24, 2013.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the

Supreme Court, No. UPL 11-03.

_____

**Per Curiam**.

{¶ 1} Pursuant to Gov.Bar R. VII(5b), the Board on the Unauthorized Practice of Law has recommended that we approve a consent decree proposed by relator, Ohio State Bar Association, and respondents, Ryan, L.L.C., and Brett Koch. We accept the board's recommendation and approve the proposed consent decree submitted by the parties, which provides:

    1.    Respondent Ryan, L.L.C. ("Ryan"),[1] a Delaware Limited Liability Company, is a limited liability company with its principal place of business in Texas. At all times pertinent hereto, respondent Brett Koch was the employee and representative of Ryan.

    2.    Respondent Ryan, as a corporation or limited liability company, is not, and has never been, an attorney admitted

_____

1. In its complaint, relator identified the corporate respondent as Ryan & Company, Inc. The consent agreement signed by the parties identifies that respondent as Ryan, L.L.C., which is the correct name of the company. The caption in this case has been changed to reflect the language of the agreement and thus to conform to the evidence.

to practice, granted active status, or certified to practice law in the state of Ohio pursuant to [R]ules I, II, VI, IX, or XI of the Ohio Supreme Court's Rules of the Government of the Bar. Mr. Koch has never been an attorney admitted to practice, granted active status, or certified to practice law in the State of Ohio pursuant to [R]ules I, II, VI, IX, or XI of the Ohio Supreme Court's Rules of the Government of the Bar.

3. On or about November 18, 2009, Respondents engaged in the unauthorized practice of law by preparing and filing a notice of appeal on behalf of their client, Owens Corning, before the Ohio Department of Taxation Board of Tax Appeals.

4. Respondents' act of the unauthorized practice of law was limited to this single action.

5. Respondents admit that the conduct described in paragraph 3 above constitutes the unauthorized practice of law in Ohio by: (a) preparing and filing a notice of appeal before the Ohio Department of Taxation Board of Tax Appeals; and (b) appearing on behalf of a client before the Ohio Department of Taxation Board of Tax Appeals.

6. It is the desire of the parties to settle this litigation.

7. Respondents were provided notice of the allegations in the Complaint in April 2010, and on May 17, 2010, Owens Corning withdrew the appeal before the Ohio Department of Taxation Board of Tax Appeals. At no time following April 2010 did Respondents provide any additional services to Owens Corning in connection with the notice of appeal.

8. Respondents have fully cooperated with Relator's investigation of this matter.

9. Relator does not recommend the imposition of civil penalties pursuant to Gov.Bar R. VII(8)(B). At the time Respondents entered their representation of their client before the Ohio Department of Tax Appeal, Respondents mistakenly did not understand their act to be rendering legal services under Ohio law.

10. The parties waive the right to notice of an appearance at the formal hearing before the hearing panel.

It is hereby ordered:

A. Respondents are enjoined from all activities that constitute the unauthorized practice of law, including:

(i) representation of a client in Ohio in any court or other forum requiring the representation of a licensed attorney or preparation of legal documents in Ohio by or on behalf of Respondents;

(ii) the rendering of legal advice regarding legal documents by or on behalf of Respondents within the jurisdiction of the State of Ohio.

B. Written notice, at Respondents' cost, shall be provided by Respondents to Owens Corning, with copy to Relator, stating that:

(i) Respondents cannot provide legal representation in Ohio;

(ii) this Court has determined that Ryan's representation of a party before the Ohio Department of Taxation Board of Tax Appeals constituted the unauthorized practice of law; and

(iii) Respondents have fully cooperated with Relator's investigation of this matter, and as part of the Consent Decree

3

entered into between the parties and approved by the Court, this Court has ordered Respondents to cease legal representation of clients in Ohio.

The form, content and delivery of this notice shall be in a manner satisfactory to Relator.

C. Respondents shall be assessed all costs of this matter pursuant to Gov.Bar R. VII(8)(A).

So ordered.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

William Hicks and Eugene Whetzel, for relator.

Squire Sanders, Steven A. Friedman, and Robin G. Weaver, for respondents.

_____