[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Wallace,* **Slip Opinion No. 2016-Ohio-5603.**]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5603

CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* WALLACE ET AL.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Cleveland Metro. Bar Assn. v. Wallace,* **Slip Opinion No. 2016-Ohio-5603.**]

*Unauthorized practice of law—Preparing and filing complaints challenging real-property assessments and notices of appeal to Board of Tax Appeals—Consent decree approved—Injunction issued.*

(No. 2016-0595—Submitted May 4, 2016—Decided September 1, 2016.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 14-06.

————————————

**Per Curiam.**

{¶ 1} Pursuant to Gov.Bar R. VII(5b), the Board on the Unauthorized Practice of Law has recommended that we approve a consent decree proposed by relator, Cleveland Metropolitan Bar Association, and respondents, Robert K. Wallace, Amy M. Wallace, and Tax Compliance Service, L.L.C., a.k.a. Tax

Compliance Services. We accept the board's recommendation and approve the proposed consent decree as submitted by the parties as follows:

1. On November 21, 2014 the Cleveland Metropolitan Bar Association, pursuant to Gov. Bar R. VII(5), filed a complaint, as Relator, against Respondents Robert K. Wallace, Amy M. Wallace aka Mimi Wallace, and Tax Compliance Service, LLC aka Tax Compliance Services alleging that they engaged in the unauthorized practice of law in Ohio by preparing complaints against the valuation of real property for filing with county boards of revision throughout Ohio, by filing notices of appeal from decisions of county boards of revision to the Ohio Board of Tax Appeals, proposing settlements of such cases, and proposing and preparing hearing waivers.

2. Respondents Robert K. Wallace and Amy M. Wallace ("Wallaces") are individuals who live in Strongsville, Ohio, and both are not, and never have been, attorneys admitted to practice, granted active status, or certified to practice law in the State of Ohio pursuant to Gov. Bar R. I, II or III, nor were either of them ever admitted to the practice of law in another state. Respondent Tax Compliance Service, LLC, which is also known as Tax Compliance Services ("TCS") is not, and never has been, a corporate entity, but it is registered with the Ohio Secretary of State as a limited liability partnership. The Wallaces on their tax returns have treated TCS as a partnership owned fifty percent by each of them.

3. Wallaces, individually and doing business as TCS, have rendered legal services in the State of Ohio and Respondent Robert K. Wallace admitted on deposition to rendering such services.

2

Additionally, Respondents solicited for their business residents throughout the state of Ohio. Examples of Respondents' solicitation and engagement forms and examples of board of revision complaints and notices of appeal to the Ohio Board of Tax Appeals were attached as exhibits to Relator's complaint.

4. Numerous, but not all, tax assessment complaints and notices of appeal and other documents prepared by Wallaces showed then Ohio-admitted attorney Rami M. Awadallah ("Awadallah") as attorney for the property owner. At all times relevant, Awadallah maintained an office in Akron, Ohio, but many of the documents prepared by Wallaces showed his address as a Cleveland, Ohio post office box rented and controlled by Wallaces. All customer or client matters for real estate tax assessment complaint proceedings and appeals originated with Wallaces not Awadallah, who was paid directly by respondents.

5. Wallaces' and TCS's solicitation and retention agreements provided for the property owner to elect to have an attorney involved for an extra fee paid to TCS, which, in turn, would pay Awadallah for his services. The form attorney retention agreement, which was prepared by Awadallah, gave control of each case to TCS.

6. In many instances, complaints on tax assessments to boards of revision were dismissed when neither Awadallah, a representative of TCS or a property owner appeared at scheduled hearings. Dismissals occurred, under similar circumstances at hearings before the Ohio Board of Tax Appeals.

7. Although there is clear Ohio Supreme Court authority to the effect that the preparation of complaints as to tax valuation

assessments for filing with Ohio boards of revision for others is the unauthorized practice of law (*Sharon Village Ltd. v. Licking Cty. Bd. of Revision*, 78 Ohio St.3d 479, 678 N.E.2d 932 (1997)), and that the preparation and filing of notices of appeal to the Ohio Board of Tax Appeals for others is the unauthorized practice of law (*Ohio State Bar Assn. v. Ryan, L.L.C.*, 138 Ohio St.3d 62, 2013 Ohio-5500, 3 N.E.3d 194), Wallaces maintain that they were unaware of this and that Awadallah never informed them that their operation involved the unauthorized practice of law.

8. Upon the filing of Relator's complaint alleging unauthorized practice of law, Wallaces ceased advertising for customers/clients, and ceased operating Tax Compliance Services, and they have cooperated with Relator's investigation of this matter.

9. Wallaces admit that they engaged in the unauthorized practice of law in the numerous matters where they prepared and filed complaints to the assessment of real property and/or notices of appeal to the Ohio Board of Tax Appeals, and that there were more than 100 of such matters.

10. Respondents agree to desist from engaging in the unauthorized practice of law in Ohio directly or indirectly, personally or through any corporation, organization, partnership, or other business entity, and agree to be permanently enjoined from doing so by Court Order[.]

11. Respondents, jointly and severally, agree to pay a civil penalty in the total amount of $15,000, and Relator agrees that such amount is consistent with the factors set forth in the Supreme Court Rules for the Government of the Bar of Ohio and the Regulations of the Board.

12. Respondents, jointly and severally also agree to pay all sums taxed as costs in these proceedings.

13. The parties stipulate to the foregoing, waive notice and hearing, and consent to a decree consistent with this settlement.

So ordered.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Buckley King, L.P.A., and John A. Hallbauer; James E. Young; and Heather M. Zirke, Bar Counsel, for relator.

Koblentz & Penvose, L.L.C., Richard S. Koblentz, and Nicholas E. Froning, for respondent.

_____