**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *NASCAR Holdings, Inc. v. Testa,* **Slip Opinion No. 2017-Ohio-9118.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9118

NASCAR HOLDINGS, INC., APPELLANT, *v.* TESTA, TAX COMMR., APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *NASCAR Holdings, Inc. v. Testa,* **Slip Opinion No. 2017-Ohio-9118.]**

*Board of Tax Appeals—Jurisdiction—Notice of appeal filed by attorney not licensed in Ohio—BTA not deprived of jurisdiction solely because notice of appeal was filed by nonattorney—Lack of authority to practice law is irrelevant to question whether jurisdiction was properly invoked—Any authorized agent may invoke jurisdiction of BTA by filing appeal on taxpayer's behalf, even if by doing so, agent engages in unauthorized practice of law.*

(No. 2015-1157—Submitted August 22, 2017—Decided December 21, 2017.)

APPEAL from the Board of Tax Appeals, No. 2015-263.

_____

**Per Curiam.**

## I. SUMMARY

{¶ 1} Appellant, NASCAR Holdings, Inc. ("NASCAR"), challenges the decision of the Board of Tax Appeals ("BTA") dismissing NASCAR's notice of appeal solely because it was filed by an attorney who was not licensed to practice law in Ohio. For the reasons that follow, we reverse the BTA's decision and remand for further proceedings.

## II. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} The Department of Taxation conducted an audit and found that NASCAR had failed to file commercial-activity tax ("CAT") returns and to pay the CAT for more than five years, from July 1, 2005, to December 31, 2010. The department issued an assessment against NASCAR for $549,520.

{¶ 3} NASCAR filed a petition for reassessment with appellee, the tax commissioner. On January 5, 2015, the commissioner issued his final determination, rejecting NASCAR's arguments and affirming the assessment.

{¶ 4} NASCAR then filed a notice of appeal to the Board of Tax Appeals, challenging the tax commissioner's final determination. The notice of appeal was signed by "Michael J. Bowen, POA." Bowen is a Florida-based attorney who is not licensed to practice law in Ohio.

{¶ 5} On May 8, 2015, the tax commissioner filed a motion to dismiss. The commissioner argued that because Bowen had engaged in the unauthorized practice of law when he filed the notice of appeal on NASCAR's behalf, the BTA lacked jurisdiction over the appeal.

{¶ 6} NASCAR conceded that Bowen was neither admitted to the Ohio bar nor registered for pro hac vice status when he filed the notice of appeal.[1] NASCAR,

---

[1] On May 28, 2015, Bowen filed a motion with the BTA in this case for pro hac vice status. The BTA never ruled on Bowen's motion. NASCAR states that the BTA "ignor[ed]" the motion for pro hac vice, but does not claim error with respect to the BTA's failure to rule.

however, asserted that Bowen's lack of authority to practice law in Ohio was irrelevant to whether his filing of the notice of appeal properly invoked the BTA's jurisdiction.

{¶ 7} On June 15, 2015, the BTA granted the motion and dismissed the appeal. The BTA found that Bowen had engaged in the unauthorized practice of law when he prepared and filed the notice of appeal with the BTA on NASCAR's behalf. The BTA further held that this rendered the notice of appeal void ab initio, thereby depriving the board of jurisdiction over NASCAR's appeal. NASCAR appealed to this court.

### III. DISCUSSION

### A. Standard of Review

{¶ 8} In reviewing a decision of the BTA, this court determines whether the decision is "reasonable and lawful." R.C. 5717.04; *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14. Although the BTA is responsible for determining factual issues, we " 'will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.' " *Id.*, quoting *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (2001).

### B. Whether the filing of the notice of appeal by an attorney not licensed to practice law in Ohio deprives the BTA of jurisdiction

{¶ 9} NASCAR argues that the BTA erred when it held that it lacked jurisdiction over the appeal solely because Bowen was not authorized to practice law in Ohio when he filed NASCAR's notice of appeal. NASCAR states that under R.C. 5717.02(A), appeals from a final determination by the tax commissioner "may be taken to the board of tax appeals by the taxpayer." NASCAR argues that under *Jemo Assoc., Inc. v. Lindley*, 64 Ohio St.2d 365, 415 N.E.2d 292 (1980), any authorized agent may file an appeal to the BTA on the taxpayer's behalf, even if by doing so, the agent engages in the unauthorized practice of law. Since Bowen was

NASCAR's authorized agent, NASCAR maintains that the BTA's jurisdiction was properly invoked and the case should be remanded for a decision on the merits.

### 1. Background on *Jemo*

{¶ 10} In *Jemo,* a corporate accountant signed a notice of appeal to the BTA from a final determination of the tax commissioner. The BTA had promulgated an administrative rule that required that a notice of appeal filed on behalf of a corporation be signed by either a corporate officer or an attorney. The BTA dismissed the appeal because Jemo's accountant was not a corporate officer or an attorney, as required by the rule. *Jemo* at 365-366.

{¶ 11} This court reversed in a plurality per curiam opinion. The plurality first noted that R.C. 5717.02 provides that such appeals "may be taken to the board of tax appeals by the taxpayer." *Jemo* at 366. The plurality then found that because R.C. 5717.02 articulates no further restrictions, the BTA's rule unlawfully limited who could act on behalf of the taxpayer under the statute. According to the plurality, "[t]here is * * * no merit to an interpretation of R.C. 5717.02 which, for jurisdictional purposes, conclusively presumes that a corporate officer or an attorney is always competent to sign a corporation's notice of appeal but that any other corporate agent is never competent." *Jemo* at 368. Rather, "under agency law, the authority of any purported agent to act on behalf of a principal is ordinarily a question of fact." *Id.* at 367. Thus, under *Jemo*, whether the notice of appeal properly invoked the BTA's jurisdiction turns on whether the person filing it was authorized by the taxpayer to file it. *See also Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, ¶ 23-24 (construing *Jemo*).

4

**2. The BTA erred in not applying *Jemo***

{¶ 12} NASCAR relies primarily on *Jemo* as grounds for reversing the order of the BTA.[2] In the proceedings below, the BTA noted its long-standing practice of relying on *Jemo* in accepting jurisdiction over appeals when corporate officers and other nonattorney agents have prepared and filed the notice of appeal on behalf of a corporate taxpayer. BTA No. 2015-263 at 2, citing cases. The BTA, however, found that this case is distinguishable because unlike in *Jemo*, the board was "faced not with a corporate officer or accountant, but an attorney licensed to practice in another state who failed to abide by the Supreme Court Rules for the Government of the Bar of Ohio by seeking admission to practice in Ohio prior to filing the instant appeal." BTA No. 2015-263 at 2. We find that the BTA erred in distinguishing *Jemo*.

{¶ 13} The BTA distinguished this case from *Jemo* because, in its opinion, "a non-Ohio attorney engaged in the unauthorized practice of law by preparing and filing a notice of appeal with this board." BTA No. 2015-263 at 2. The BTA ignores *Jemo*'s conclusion that R.C. 5717.02 does not require that the corporation's agent be an attorney for purposes of invoking the BTA's jurisdiction. The tax commissioner raised the attorney issue in *Jemo*, arguing that R.C. 4705.01 bars nonlawyers from commencing legal proceedings on behalf of others. But *Jemo* rejected this argument, stating: "R.C. 4705.01 is irrelevant to the jurisdictional issue before [the court] since it has no bearing upon whether any particular attorney has the authority to represent any particular corporate taxpayer." *Jemo*, 64 Ohio St.2d at 368, 415 N.E.2d 292, fn. 4. In *Toledo Pub. Schools Bd. of Edn.*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, ¶ 23, fn. 4, we explained that footnote four

---

[2] NASCAR's only other argument claims that the BTA improperly enforced Ohio Adm.Code 5717-1-02, which requires that attorneys appearing before the BTA be licensed in Ohio or admitted pro hac vice. Because we find in favor of NASCAR, we do not need to address this argument.

of *Jemo* "illustrates the court's narrow focus on the question of an accountant's actual authority as an agent."

**{¶ 14}** Because nonattorney corporate agents filed the appeals in both this case and *Jemo*, the BTA was wrong to distinguish this case from *Jemo*. Although the *Jemo* plurality did not address the question, it is clear that the nonlawyer corporate accountant in *Jemo* was also not licensed to practice law in Ohio when he filed the notice of appeal to the BTA. *See* R.C. 4705.01 (only a licensed attorney can commence an action or proceeding on behalf of another person); and *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 28, 193 N.E. 650 (1934) (the practice of law includes the preparation of legal documents by which legal rights are preserved); *Cleveland Bar Assn. v. Misch*, 82 Ohio St.3d 256, 259-261, 695 N.E.2d 244 (1998) (filing a notice of appeal to the BTA on behalf of another constitutes the practice of law). But that issue is separate from the issue of jurisdiction. Under *Jemo*, the corporate agent's status as a non-Ohio attorney does not alter the BTA's jurisdiction.

**{¶ 15}** As to the BTA's determination that Bowen's status as a non-Ohio attorney rendered the notice of appeal void, this runs counter to *Jemo*'s central point: that R.C. 5717.02 places no limits on the corporate taxpayer's authority to designate an agent to sign the notice of appeal. Under *Jemo*, who may properly act as the taxpayer's agent is a question of fact that hinges on whether the person filing the notice of appeal was authorized by the taxpayer to file it. *Jemo*, 64 Ohio St.2d at 367-368, 415 N.E.2d 292. *See also Toledo Pub. Schools Bd. of Edn.*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, ¶ 23-24.

**{¶ 16}** In this case, there appears to be no dispute that NASCAR authorized Bowen to file the notice of appeal to the BTA. So under R.C. 5717.02 and *Jemo*, the notice of appeal filed by Bowen properly invoked the BTA's jurisdiction. Therefore, the BTA erred in dismissing NASCAR's appeal for lack of jurisdiction.

### 3. The tax commissioner's remaining arguments are unpersuasive

{¶ 17} The tax commissioner cites *Ohio State Bar Assn. v. Ryan*, 138 Ohio St.3d 67, 2013-Ohio-5500, 3 N.E.3d 194, and *Misch*, 82 Ohio St.3d 256, 695 N.E.2d 244, for the proposition that preparing and filing a notice of appeal to the BTA constitutes the unauthorized practice of law. But the dispositive question here is whether Bowen's actions deprived the BTA of jurisdiction over NASCAR's appeal. On that question, *Ryan* and *Misch* are silent.

{¶ 18} The tax commissioner also argues that *Jemo*, a plurality opinion, is not binding authority. That is true. *Hedrick v. Motorists Mut. Ins. Co.*, 22 Ohio St.3d 42, 44, 488 N.E.2d 840 (1986), *overruled on other grounds*, *Martin v. Midwestern Group Ins. Co.,* 70 Ohio St.3d 478, 639 N.E.2d 438 (1994). But when a court or administrative agency finds a plurality opinion to be persuasive, it is not barred from relying on that opinion. We are persuaded by *Jemo.*

### IV. CONCLUSION

{¶ 19} We find that NASCAR has demonstrated reversible error. The BTA erred in not applying *Jemo*. Accordingly, we reverse the BTA's decision dismissing NASCAR's appeal and remand the cause to the BTA for consideration on the merits.

Decision reversed<br>and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, and DEWINE, JJ., concur.

FISCHER, J., dissents, with an opinion.

_____

**FISCHER, J., dissenting.**

{¶ 20} I respectfully dissent. *Jemo Assoc., Inc. v. Lindley*, 64 Ohio St.2d 365, 415 N.E.2d 292 (1980), does not stand for the proposition that the Board of Tax Appeals ("BTA") has jurisdiction to hear an appeal when someone not

authorized to practice law in Ohio has filed the appeal on behalf of a corporation and engaged in the unauthorized practice of law by doing so. Even if the lead opinion in *Jemo* did stand for that proposition, it has been superseded by our subsequent case law. Thus, the BTA correctly dismissed the appeal of NASCAR Holdings, Inc., on the grounds that the appeal was filed by an attorney not licensed in Ohio and, therefore, did not invoke the BTA's jurisdiction.

**{¶ 21}** In *Jemo,* three justices signed on to the plurality opinion and a fourth justice concurred in judgment only. Thus, as the majority acknowledges, *Jemo* is not binding authority. Ohio courts have cited *Jemo* most often for the proposition that cases generally should not be dismissed for violating a procedural rule. *See Friendly's v. Franklin Cty. Bd. of Revision*, 10th Dist. Franklin No. 94APH03-347 to 94APH03-349, 1994 WL 521217 (Sept. 20, 1994); *Grenga v. Bank One, N.A.*, 7th Dist. Mahoning No. 04 MA 94, 2005-Ohio-4474; and *In re Terrance P.*, 124 Ohio App.3d 487, 706 N.E.2d 801 (6th Dist.1997).

**{¶ 22}** No court has cited *Jemo* for the proposition that any authorized agent can file an appeal to the BTA on the taxpayer's behalf, even if the agent is engaged in the unauthorized practice of law. *See Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345; *Sharon Village Ltd. v. Licking Cty. Bd. of Revision*, 78 Ohio St.3d 479, 678 N.E.2d 932 (1997); *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections*, 80 Ohio St.3d 302, 686 N.E.2d 238 (1997); *Doyle v. Ohio Bur. of Motor Vehicles*, 51 Ohio St.3d 46, 554 N.E.2d 97 (1990); and *Universal Equip. Co. v. Limbach*, 6th Dist. Sandusky No. S-88-20, 1989 WL 20256 (Mar. 10, 1989).

**{¶ 23}** Since *Jemo*, this court has addressed the unauthorized practice of law several times in the state-tax area, primarily in the context of valuation complaints. In *Sharon Village*, this court held that nonattorneys were barred from filing valuation complaints on behalf of corporate taxpayers. The court's decision in *Sharon Village* rested on the application of three statutes: R.C. 5715.19(A),

5715.13, and 4705.01. R.C. 5715.19(A), at the time, provided that a property owner could file a valuation complaint in the county in which the land was located. 1988 Am.Sub.H.B. No. 603, 142 Ohio Laws, Part III, 4583, 4589. R.C. 5715.13 provided that either the owner itself or an "agent" could perform the filing. 1953 Am.H.B. No. 1. And R.C. 4705.01 prohibited the practice of law by a nonattorney, as it does today. Am.Sub.S.B. No. 219, 140 Ohio Laws, Part I, 662, 680–681.

{¶ 24} Based on the interplay among R.C. 4705.01, 5715.13, and 5715.19, the court concluded that a nonattorney engages in the unauthorized practice of law when he or she files a valuation complaint on behalf of a corporation. *Sharon Village*, 78 Ohio St.3d at 483, 678 N.E.2d 932. And because the statutes themselves did not authorize a nonattorney to file on behalf of a corporation, the court affirmed the BTA's decision, which dismissed the appeal on the basis that a valuation complaint filed by a nonattorney fails to invoke the jurisdiction of the board of revision. *See also Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 134 Ohio St.3d 529, 2012-Ohio-5680, 983 N.E.2d 1285, ¶ 13-14 (explaining the reasoning underlying *Sharon Village*); *State ex rel. Cooker Restaurant*, 80 Ohio St.3d at 306-307, 686 N.E.2d 238 (rejecting *Jemo* as controlling and finding that the board of elections properly dismissed election protest under *Sharon Village*).

{¶ 25} In response to *Sharon Village*, the General Assembly amended R.C. 5715.19(A) in 1999 to allow certain persons to file valuation complaints on behalf of a taxpayer, without regard to whether those persons are attorneys. 147 Ohio Laws, Part III, 5373, 5373-5374. This court has upheld the R.C. 5715.19(A)(1) amendments. *See, e.g., Marysville Exempted Village Local School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision*, 136 Ohio St.3d 146, 2013-Ohio-3077, 991 N.E.2d 1134, ¶ 21-34.

{¶ 26} Although this court has recognized certain statutory exceptions to the prohibition against the practice of law by nonattorneys, *Sharon Village* has not

been overruled and remains good law when no such exceptions apply. Indeed, a decade after the statutory amendments that abrogated *Sharon Village* in part, this court delivered a unanimous per curiam opinion in *Toledo*. *Toledo*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345. In *Toledo*, the court noted that *Sharon Village* and its progeny are controlling when issues of jurisdiction and unauthorized practice of law coexist in a given case. *Id*. at ¶ 22. *Compare Richman Properties, L.L.C. v. Medina Cty. Bd. of Revision*, 139 Ohio St.3d 549, 2014-Ohio-2439, 13 N.E.3d 1126, ¶ 20-27 (examining unauthorized-practice-of-law issues at the BTA through prism of *Sharon Village* and its progeny); *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 127 Ohio St.3d 63, 2010-Ohio-4907, 936 N.E.2d 489, ¶ 13-17 (same).

{¶ 27} Moreover, Ohio courts have found that when a filing constitutes the unauthorized practice of law, the court is deprived of jurisdiction to rule on that filing. *See, e.g., State ex rel. Hadley v. Pike*, 7th Dist. Columbiana No. 14 CO 14, 2014-Ohio-3310 (civil complaint filed by an attorney not licensed to practice in Ohio should have been dismissed for lack of subject-matter jurisdiction); *Norwalk MK, Inc. v. McCormick*, 6th Dist. Huron No. H-04-041, 2005-Ohio-2493 (municipal court lacks jurisdiction to hear claims filed by nonattorney officer of corporation); *Bur. of Support v. Brown*, 7th Dist. Carroll No. 00APO742, 2001 WL 1497073 (Nov. 6, 2001) (trial court improperly exercised jurisdiction when it granted motion filed by a nonattorney). *But see Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193 (nonattorney corporate officers may file claims on behalf of corporation in small-claims court).

{¶ 28} Giving due consideration to the above, I would hold that barring a statutory exception, when an appeal to the BTA is filed by a nonattorney, the nonattorney has engaged in the unauthorized practice of law and the BTA does not, therefore, have jurisdiction to hear the appeal. The nonbinding plurality opinion in *Jemo* does not conclude otherwise, and even if it could be read to do so, in light of

*Sharon Village*, it has been superseded. For these reasons, it was neither unreasonable nor unlawful for the BTA to follow *Sharon Village* and its progeny and to not follow *Jemo*. Indeed, doing so gave effect to the guidance provided by this court in *Toledo*.

{¶ 29} I would affirm the BTA's decision and, therefore, I respectfully dissent.

—————————

Frost Brown Todd, L.L.C., Matthew C. Blickensderfer, Jeremy A. Hayden, and Mark F. Sommer, for appellant.

Michael DeWine, Attorney General, and Daniel W. Fausey and Raina Nahra Boulos, Assistant Attorneys General, for appellee.

—————————