Per Curiam.
*405 I. SUMMARY
{¶ 1} Appellant, NASCAR Holdings, Inc. ("NASCAR"), challenges the decision of the Board of Tax Appeals ("BTA") dismissing NASCAR's notice of appeal solely because it was filed by an attorney who was not licensed to practice law in Ohio. For the reasons that follow, we reverse the BTA's decision and remand for further proceedings.
II. FACTS AND PROCEDURAL BACKGROUND
{¶ 2} The Department of Taxation conducted an audit and found that NASCAR had failed to file commercial-activity-tax ("CAT") returns and to pay the CAT for more than five years, from July 1, 2005, to December 31, 2010. The department issued an assessment against NASCAR for $549,520.
*406 {¶ 3} NASCAR filed a petition for reassessment with appellee, the tax commissioner. On January 5, 2015, the commissioner issued his final determination, rejecting NASCAR's arguments and affirming the assessment.
{¶ 4} NASCAR then filed a notice of appeal to the Board of Tax Appeals, challenging *416 the tax commissioner's final determination. The notice of appeal was signed by "Michael J. Bowen, POA." Bowen is a Florida-based attorney who is not licensed to practice law in Ohio.
{¶ 5} On May 8, 2015, the tax commissioner filed a motion to dismiss. The commissioner argued that because Bowen had engaged in the unauthorized practice of law when he filed the notice of appeal on NASCAR's behalf, the BTA lacked jurisdiction over the appeal.
{¶ 6} NASCAR conceded that Bowen was neither admitted to the Ohio bar nor registered for pro hac vice status when he filed the notice of appeal.[1] NASCAR, however, asserted that Bowen's lack of authority to practice law in Ohio was irrelevant to whether his filing of the notice of appeal properly invoked the BTA's jurisdiction.
{¶ 7} On June 15, 2015, the BTA granted the motion and dismissed the appeal. The BTA found that Bowen had engaged in the unauthorized practice of law when he prepared and filed the notice of appeal with the BTA on NASCAR's behalf. The BTA further held that this rendered the notice of appeal void ab initio, thereby depriving the board of jurisdiction over NASCAR's appeal. NASCAR appealed to this court.
III. DISCUSSION
A. Standard of Review
{¶ 8} In reviewing a decision of the BTA, this court determines whether the decision is "reasonable and lawful." R.C. 5717.04 ; Satullo v. Wilkins , 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 14. Although the BTA is responsible for determining factual issues, we " 'will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion.' " Id. , quoting Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino , 93 Ohio St.3d 231, 232, 754 N.E.2d 789 (2001).
B. Whether the filing of the notice of appeal by an attorney not licensed to practice law in Ohio deprives the BTA of jurisdiction
{¶ 9} NASCAR argues that the BTA erred when it held that it lacked jurisdiction over the appeal solely because Bowen was not authorized to practice *407 law in Ohio when he filed NASCAR's notice of appeal. NASCAR states that under R.C. 5717.02(A), appeals from a final determination by the tax commissioner "may be taken to the board of tax appeals by the taxpayer." NASCAR argues that under Jemo Assocs., Inc. v. Lindley , 64 Ohio St.2d 365, 415 N.E.2d 292 (1980), any authorized agent may file an appeal to the BTA on the taxpayer's behalf, even if by doing so, the agent engages in the unauthorized practice of law. Since Bowen was NASCAR's authorized agent, NASCAR maintains that the BTA's jurisdiction was properly invoked and the case should be remanded for a decision on the merits.
1. Background on Jemo
{¶ 10} In Jemo, a corporate accountant signed a notice of appeal to the BTA from a final determination of the tax commissioner. The BTA had promulgated an administrative rule that required that a notice of appeal filed on behalf of a corporation be signed by either a corporate officer or an attorney. The BTA dismissed the appeal because Jemo's accountant was not a corporate officer or an *417 attorney, as required by the rule. Jemo at 365-366, 415 N.E.2d 292.
{¶ 11} This court reversed in a plurality per curiam opinion. The plurality first noted that R.C. 5717.02 provides that such appeals "may be taken to the board of tax appeals by the taxpayer." Jemo at 366, 415 N.E.2d 292. The plurality then found that because R.C. 5717.02 articulates no further restrictions, the BTA's rule unlawfully limited who could act on behalf of the taxpayer under the statute. According to the plurality, "[t]here is * * * no merit to an interpretation of R.C. 5717.02 which, for jurisdictional purposes, conclusively presumes that a corporate officer or an attorney is always competent to sign a corporation's notice of appeal but that any other corporate agent is never competent." Jemo at 368, 415 N.E.2d 292. Rather, "under agency law, the authority of any purported agent to act on behalf of a principal is ordinarily a question of fact." Id. at 367, 415 N.E.2d 292. Thus, under Jemo , whether the notice of appeal properly invoked the BTA's jurisdiction turns on whether the person filing it was authorized by the taxpayer to file it. See also Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision , 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, ¶ 23-24 (construing Jemo ).
2. The BTA erred in not applying Jemo
{¶ 12} NASCAR relies primarily on Jemo as grounds for reversing the order of the BTA.[2] In the proceedings below, the BTA noted its long-standing practice of *408 relying on Jemo in accepting jurisdiction over appeals when corporate officers and other nonattorney agents have prepared and filed the notice of appeal on behalf of a corporate taxpayer. BTA No. 2015-263, 2015 Ohio Tax LEXIS 2580, *3-4 (June 15, 2015), citing cases. The BTA, however, found that this case is distinguishable because unlike in Jemo , the board was "faced not with a corporate officer or accountant, but an attorney licensed to practice in another state who failed to abide by the Supreme Court Rules for the Government of the Bar of Ohio by seeking admission to practice in Ohio prior to filing the instant appeal." 2015 Ohio Tax LEXIS 2580 at *4-5. We find that the BTA erred in distinguishing Jemo .
{¶ 13} The BTA distinguished this case from Jemo because, in its opinion, "a non-Ohio attorney[ ] engaged in the unauthorized practice of law by preparing and filing a notice of appeal with this board." 2015 Ohio Tax LEXIS 2580 at *3. The BTA ignores Jemo 's conclusion that R.C. 5717.02 does not require that the corporation's agent be an attorney for purposes of invoking the BTA's jurisdiction. The tax commissioner raised the attorney issue in Jemo , arguing that R.C. 4705.01 bars nonlawyers from commencing legal proceedings on behalf of others. But Jemo rejected this argument, stating: " R.C. 4705.01 is irrelevant to the jurisdictional issue before [the court] since it has no bearing upon whether any particular attorney has the authority to represent any particular corporate taxpayer." Jemo , 64 Ohio St.2d at 368, 415 N.E.2d 292, fn. 4. In Toledo Pub. Schools Bd. of Edn. at ¶ 23, fn. 4, we explained that footnote four of Jemo "illustrates the court's narrow focus on the question of an accountant's actual authority as an agent."
*418 {¶ 14} Because nonattorney corporate agents filed the appeals in both this case and Jemo , the BTA was wrong to distinguish this case from Jemo . Although the Jemo plurality did not address the question, it is clear that the nonlawyer corporate accountant in Jemo was also not licensed to practice law in Ohio when he filed the notice of appeal to the BTA. See R.C. 4705.01 (only a licensed attorney can commence an action or proceeding on behalf of another person); Land Title Abstract & Trust Co. v. Dworken , 129 Ohio St. 23, 28, 193 N.E. 650 (1934) (the practice of law includes the preparation of legal documents by which legal rights are preserved); Cleveland Bar Assn. v. Misch , 82 Ohio St.3d 256, 259-261, 695 N.E.2d 244 (1998) (filing a notice of appeal to the BTA on behalf of another constitutes the practice of law). But that issue is separate from the issue of jurisdiction. Under Jemo , the corporate agent's status as a non-Ohio attorney does not alter the BTA's jurisdiction.
{¶ 15} As to the BTA's determination that Bowen's status as a non-Ohio attorney rendered the notice of appeal void, this runs counter to Jemo 's central point: that R.C. 5717.02 places no limits on the corporate taxpayer's authority to *409 designate an agent to sign the notice of appeal. Under Jemo , who may properly act as the taxpayer's agent is a question of fact that hinges on whether the person filing the notice of appeal was authorized by the taxpayer to file it. Jemo at 367-368, 415 N.E.2d 292. See also Toledo Pub. Schools Bd. of Edn. , 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, at ¶ 23-24.
{¶ 16} In this case, there appears to be no dispute that NASCAR authorized Bowen to file the notice of appeal to the BTA. So under R.C. 5717.02 and Jemo , the notice of appeal filed by Bowen properly invoked the BTA's jurisdiction. Therefore, the BTA erred in dismissing NASCAR's appeal for lack of jurisdiction.
3. The tax commissioner's remaining arguments are unpersuasive
{¶ 17} The tax commissioner cites Ohio State Bar Assn. v. Ryan , 138 Ohio St.3d 67, 2013-Ohio-5500, 3 N.E.3d 194, and Misch , 82 Ohio St.3d 256, 695 N.E.2d 244, for the proposition that preparing and filing a notice of appeal to the BTA constitutes the unauthorized practice of law. But the dispositive question here is whether Bowen's actions deprived the BTA of jurisdiction over NASCAR's appeal. On that question, Ryan and Misch are silent.
{¶ 18} The tax commissioner also argues that Jemo , a plurality opinion, is not binding authority. That is true. Hedrick v. Motorists Mut. Ins. Co. , 22 Ohio St.3d 42, 44, 488 N.E.2d 840 (1986), overruled on other grounds , Martin v. Midwestern Group Ins. Co., 70 Ohio St.3d 478, 639 N.E.2d 438 (1994). But when a court or administrative agency finds a plurality opinion to be persuasive, it is not barred from relying on that opinion. We are persuaded by Jemo.
IV. CONCLUSION
{¶ 19} We find that NASCAR has demonstrated reversible error. The BTA erred in not applying Jemo . Accordingly, we reverse the BTA's decision dismissing NASCAR's appeal and remand the cause to the BTA for consideration on the merits.
Decision reversed and cause remanded.
O'Connor, C.J., and O'Donnell, Kennedy, French, O'Neill, and DeWine, JJ., concur.
Fischer, J., dissents, with an opinion.

On May 28, 2015, Bowen filed a motion with the BTA in this case for pro hac vice status. The BTA never ruled on Bowen's motion. NASCAR states that the BTA "ignor[ed]" the motion for pro hac vice status, but does not claim error with respect to the BTA's failure to rule.

NASCAR's only other argument claims that the BTA improperly enforced Ohio Adm.Code 5717-1-02, which requires that attorneys appearing before the BTA be licensed in Ohio or admitted pro hac vice. Because we find in favor of NASCAR, we do not need to address this argument.